PATRICK HAYES et al., Appellants, *v.* FREDERICK C.
CLAESSENS, as Administrator of CHRISTINA McGOVERN,
Deceased, Respondent.

**Decedent's estate — savings bank account — sufficiency of
evidence to support finding that transfer by decedent of her
savings bank account to herself and another did not constitute
transfer of title to said account — insufficiency of evidence to
sustain finding that moneys deposited to account of plaintiffs
are entirely a portion of said decedent's estate — admissions
of one, where the interest is joint, are admissible against all.**

1. In an action to recover a sum of money deposited to the joint
account of the plaintiffs in a savings bank but paid by the bank into
court upon substitution of the respondent herein as defendant in
its place and stead upon the claim of said respondent that the sum
in question was part of the estate of his intestate, *held*, upon examina-
tion of the record, that there was evidence to support a finding that
a transfer by the intestate of her savings bank account to the joint
account of herself and one of the plaintiffs did not constitute a transfer
of the amount deposited to the said plaintiff but that the amount
deposited belonged to intestate at the time of her death.

2. On examination of the evidence as to the title to certain moneys
deposited in a savings bank to the joint account of the plaintiffs,
which moneys are claimed by defendants as belonging to the estate
of their intestate, the burden of proof is on defendant and there is
no evidence to justify a finding that defendant is entitled to the
entire amount in controversy.

3. Letters written by one of the plaintiffs and received in evidence
under objection were competent as admissions both as against her
and as against the other plaintiff, their interest in the account in
controversy being joint and not that of mere tenants in common.

*Hayes* v. *Claessens*, 202 App. Div. 762, modified.

(Argued October 13, 1922; decided November 21, 1922.)

APPEAL from a judgment, entered May 11, 1922,
upon an order of the Appellate Division of the Supreme
Court in the third judicial department, reversing a judg-
ment in favor of plaintiffs entered upon a decision of the
court at a Trial Term without a jury and directing
judgment in favor of defendant.

*Andrew J. Nellis, James Farrell* and *James F. Brearton* for appellants. The finding by the appellate court that the sum of $3,994.49 on deposit to the credit of this action is an asset of the estate of deceased is wholly inconsistent with other findings approved by the court to the extent of $794.49 and the interest thereon; and is without any evidence to support it. (*Bonnette* v. *Molloy,* 209 N. Y. 173.) The written and oral declarations made by Margaret Hayes after the transfer of $3,200 to the joint account of these appellants were not evidence admissible against Patrick Hayes. (*Tierney* v. *Fitz-Patrick,* 195 N. Y. 433.)

*John T. Norton* for respondent. The findings of fact made by the Appellate Division are supported by evidence, and sustain the conclusions of law which warrant the judgment on appeal. (*Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495; *Hall* v. *O'Brien,* 218 N. Y. 50.) Neither the appellants' pleadings nor the proofs warranted the finding that the appellants were the owners of the fund in court. (*Clark* v. *Mosher,* 107 N. Y. 118; *Beaver* v. *Beaver,* 117 N. Y. 421; *Matter of Bolin,* 136 N. Y. 177; *West* v. *McCullough,* 123 App. Div. 846; *Cochrane* v. *Hotaling,* 164 App. Div. 75; *Clary* v. *Fitzgerald,* 155 App. Div. 659; *Kelly* v. *Beers,* 194 N. Y. 49; *Matter of Mt. Vernon Trust Co.,* 175 App. Div. 353; *Matter of Shroeder,* 113 App. Div. 204; *Tompkins* v. *Leary,* 134 App. Div. 114.)

ANDREWS, J.   One Christina McGovern had on deposit in the Manufacturers' National Bank of Troy the sum of $8,096.49. This amount she transferred to the joint account of herself and one Margaret Hayes. It was found by the trial judge that this was done with the intention of making Margaret Hayes a joint owner of the account and with the intention that if Margaret Hayes survived, as she in fact did, she should be its sole owner.

The Appellate Division, however, reversed these findings and held that there was no transfer of the $8,096.49 to Margaret Hayes, but that that sum belonged to Christina McGovern at the time of her death. There was evidence to support this finding.

The complaint alleges that at the time of the commencement of this action there was on deposit in the same bank in the joint account of Patrick and Margaret Hayes the sum of $5,319.98; that the depositers demanded this sum and that the demand was refused.' To recover it the action was originally brought against the bank. Thereafter, on its application, an order was made directing the payment into court of a portion of said joint account, namely, the sum of $3,994.49 which was claimed by the administrator as part of the McGovern estate, to the credit of the action and substituting him as a defendant in the place of the bank. The present defendant then appeared in the action and reiterated his claim. It is disputed by the plaintiffs and they demand judgment determining that they are entitled to the whole sum with interest accrued and to accrue thereon. The result of the action depends upon the question as to whether the sum so deposited in the Hayes joint account is a portion of the $8,096.49 which belonged to Christina McGovern at the time of her death, and upon this issue the burden of proof is upon the defendant. The finding of the Appellate Division is to the effect that it is a portion of the McGovern estate and its judgment directs that it be paid over to the defendant.

We find no evidence to justify the finding as made. As has been said, at the time of the alleged transfer to Mrs. Hayes, Miss McGovern had in the bank $8,096.49. All of this money was withdrawn by Mrs. Hayes. On December 15th, 1917, $3,200 was taken by her and deposited in the joint account of herself and her husband. On January 3rd, 1918, $1,396.49 was also withdrawn by

her. What became of it does not appear. It is not shown that sum or any part of it went into the joint account of Margaret and Patrick Hayes. On February 13th, 1918, there were two withdrawals. One of $2,505.30 was used to pay certain drafts sent to relatives of Miss McGovern in Ireland; $994.70 was deposited in a joint account of Mrs. Hayes and her daughter. The total of these withdrawals was $8,096.49 and exhausted the McGovern account. Therefore, the only part of the $8,096.49 belonging to Miss McGovern that went to swell the joint account of Mr. and Mrs. Hayes was the $3,200. Why the sum deposited to the credit of the action was $3,994.49 does not appear. But under the proof all the principal to which the defendant was entitled was $3,200.

· We have examined the other questions argued by the appellants in their brief and we find nothing to justify any further interference with the result reached by the Appellate Division.

The letters written by Mrs. Hayes and received in evidence under objection were competent as admissions both as against her and as against the other plaintiff. Their interest in the account in controversy is joint and not that of mere tenants in common. (*Naul* v. *Naul,* 75 App. Div. 292; *Jackson* v. *M'Vey,* 18 Johns. 330; *Brandt* v. *Klein,* 17 Johns. 335; *Martin* v. *Root,* 17 Mass. 222; *Black* v. *Lamb,* 12 N. J. Eq. 108, 122; *McMillan* v. *McDill,* 110 Ill. 47; *Southern Life Ins. Company* v. *Wilkinson,* 53 Ga. 535; *Pierce* v. *Roberts,* 57 Conn. 31; *Mathews* v. *Moloney,* 61 Mich. 327.)

The judgment of the Appellate Division should be modified by directing that it be adjudged that of the money deposited to the credit of this action the defendant is the owner of $3,200 with all interest accrued thereon, and that the plaintiffs are the owners of the balance of such fund and accrued interest and directing payment accordingly, and as so modified the judgment is affirmed,

with costs to appellants in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and CRANE, JJ., concur.

Judgment accordingly.