ANNIE BOYLE AND FRANCES DILLEY, PLAINTIFFS-RE-SPONDENTS, v. NATIONAL UNION BANK OF DOVER. DEFENDANT-APPELLANT.

Argued May 2, 1928—Decided December 21, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *King & Vogl* (*Elmer King,* of counsel).

For the respondents, *Leon E. Cone.*

PER CURIAM.

This action was brought by plaintiffs to recover from the defendant bank $2,249.64, representing the amount of money which the bank paid out to Patrick Boyle's administrator upon his death, then in the bank to the credit of "Patrick Boyle or Annie Boyle or Fannie Boyle."

The general situation was this: The bank account, which was an ordinary commercial account, was originally opened by Patrick Boyle in his own name. After two deposits had been made by him he ordered the bank to add the names of his daughters (the plaintiffs) and this was done and the account then stood in the name of "Patrick Boyle or Annie Boyle or Fannie Boyle." Thereafter the account was added to from time to time by the deposit of funds, almost, if not entirely, of Patrick Boyle, and from time to time three withdrawals were made from the account. Upon the death of Patrick Boyle the defendant bank paid out to his administrator upon his check the balance to the credit of the account, and this suit is brought to recover that amount, the plaintiffs claiming by way of a gift from Patrick Boyle in his lifetime. At the close of the case, at which the foregoing matters appeared, together with some other evidence hereafter to be mentioned, the defendant moved for a direction of a verdict in its favor upon the ground that there was no evidence of a gift to the plaintiffs. That motion the trial judge denied. The case being then submitted to the jury they found for the plaintiffs for the full amount claimed, with interest and costs, and the defendant bank appeals.

Our examination of the evidence fails to disclose any evidence of an effective or perfect gift.

It will be observed at once that the account was not one of joint tenancy. The word "or" negatives the idea of a joint tenancy. *Morristown Trust Co.* v. *Capstick,* 90 *N. J. Eq.* 25; *affirmed,* 91 *Id.* 152.

Now, with respect to the evidence claimed to show a gift: There was evidence produced by the plaintiffs that after adding the names of his daughters to the account and before his death, Patrick Boyle stated, in effect, that he had deposited the money for his daughters, and it was theirs and they could do as they liked with it. There was also evidence that sometime thereafter and before his death Patrick handed the bank book to his daughter Frances and told her "to keep it and take care of it," and that it was in her possession at the time of her father's death.

It is this evidence, as we understand the argument, which plaintiffs contend justified a finding of a legal and perfect gift.

We do not so view it.

In *Stevenson* v. *Earl,* 65 *N. J. Eq.* 721, it was declared that "in order to legalize such a gift, there must be not only a donative intention, but also, in conjunction with it, a complete stripping of the donor of all dominion and control over the thing given." In other words, in order to create a perfect gift the donor must part with the possession of and dominion over the property; there must be an absolute abnegation of power over the subject of the gift. *Schick* v. *Grote,* 42 *Id.* 352; *Cook* v. *Lum,* 26 *Vr.* 375. Now in the present case it appeared conclusively that Patrick Boyle retained dominion over the property. It appeared conclusively by the undisputed evidence that the bank account was of the ordinary commercial kind; that the production of the bank book was entirely unecessary for the withdrawal of moneys from the account, and that under the rules and practices of the bank any one of the three persons named in the account could draw upon it by check without more. In such circumstances neither the evidence of plaintiffs' possession of the bank book nor the testimony to the effect that Patrick stated that he "deposited the money for his daughters and that they could do with it as they liked," justified a finding of a legal and perfect gift, since plainly Boyle did not part with his dominion over the property. *Stevenson* v. *Earl,* 65 *N. J. Eq.* 725.

The judgment will be reversed.