In the Matter of the Estate of FRED GOKEY, Deceased.

Surrogate's Court, Franklin County, July 10, 1931.

*W. Glenn Larmouth*, for Florence Cleveland.

*George J. Moore* and *A. W. Sheals*, for the administrators.

LAURENCE, S. This proceeding involves the ownership of a deposit in the savings department of the St. Regis Falls National Bank, amounting to the sum of $5,524.80, and interest from October 1, 1929.

Fred Gokey died September 21, 1930, without a will. Two sons, Henry and William, were appointed administrators on October 27, 1930. The account is claimed by them as administrators and by Florence Cleveland, a daughter of deceased. There are several other children.

Deceased resided near St. Regis Falls and did business with the only bank there. He opened an account with this bank in January, 1920, and a pass book was issued to him in his name. He continued to add deposits and make withdrawals until May 24, 1929. A short time prior to that date deceased had some United States treasury certificates which were forwarded by the bank and the proceeds on that day were deposited in this account, in the sum of $2,500. No withdrawals were made from that time and no amounts were added, except that on October 1, 1929, the interest was entered on the book.

On the occasion of the last deposit of $2,500, the cashier states that the deceased said " he wished the bank book changed to his name and Florence Cleveland." He wished the book " made out in both names." The change was made immediately by writing the words " Florence Cleveland or " above the name of " Fred Gokey " on the pass book and the records were changed accordingly. A signature card was given to deceased with the request that he secure the signature of Florence Cleveland to the card and after adding his own signature, to return the card to the bank. The signature card was never returned.

On the occasion of the deposit and change, deceased told the bank officials that " he wished no withdrawals to be made on that account by others than he, during his lifetime, but at his death he told us he wanted Florence Cleveland to have the money." He said nothing about paying it to her after his death. In another place the cashier states that deceased said " he wanted the money paid to Florence Cleveland after his death." The cashier did not recall that the term " joint account " was used. The pass book was left in the bank in the safety deposit box of deceased and was found there after his death. Florence Cleveland was not present when the change was made and did not know of any change in the account until after the death of her father.

At the time the change in the account was made deceased was living with a son. There was some evidence of statements made by deceased just prior to the time the account was changed, to the effect that he was going to put $2,500 in the bank and put the name

of one of the children on the book, so that in case of death it could be taken out and after the expenses and debts were paid the balance could be divided among the children. There was also considerable evidence of other statements attributed to the deceased after the change in the account was made, to the effect that he had put the name of Florence Cleveland on the book, so that she could pay the expenses and distribute the balance.

The form of the account as it stands and the circumstances would not seem to justify any claim of compliance with the Banking Law or permit the payment of the fund to the survivor under that law. It seems equally plain that deceased did not intend by the change to make any gift. There was no delivery of the evidence of title, but on the contrary there was apparently an explicit direction that no withdrawals were to be permitted during the life of deceased, except by him.

It is urged that it was the intention of deceased that the account should belong to Florence Cleveland after his death. On the other hand, it is urged that this in effect would mean a testamentary disposition without the formality of a will.

It is urged that the change in the account and the directions given to the bank created a tentative trust for Florence Cleveland, which became absolute upon the death of Fred Gokey. This claim presents a serious question.

This matter resolves itself into a question largely of the intent of the deceased, to be gathered from the testimony and surrounding circumstances, all of which should point in the same general direction. The account as it stands does not contain evidence of a trust. The statements of deceased at the time of the change in form of deposit, as testified to by the cashier, must be kept in mind. This language taken together may be said to be susceptible of different interpretations. Each must be qualified by the statement that no withdrawals were to be made during the lifetime of deceased except by him. That would seem to preclude the claim of the creation of a joint account, or of any interest passing at the time, which would become vested thereby. The rules of the bank require the production of the pass book when making withdrawals.

Decisions are numerous where trusts have been upheld and where they have been denied. Each case seems to have been decided upon the facts peculiar to it. It is claimed here on behalf of Florence Cleveland that the account belongs to her either: (1) By virtue of a gift, or (2) as a declaration of trust. The positions are antagonistic. If a trust was created, the legal title and possession of the deposit remained in the trustee. In such case there was no delivery and no executed gift. If there was a valid gift the

possession and legal title must have been transferred and no trust was created. Certainly no executed trust was created in the deposit during the lifetime of deceased, for he retained absolute control and power of disposition during that time. It should not be claimed that he could be trustee and *cestui que* trust at the same time. The trust, if any could be assumed, it seems to me would be to hold the deposit for the use of Florence Cleveland as an estate in remainder, to vest in possession at the time of his death. Assuming that he might have created such a trust by unequivocally declaring it, he did not do so. He did not declare that the deposit was held in trust. In my judgment it would be necessary to reform and supplement the language used and disregard some statements of deceased in order to find that a trust was intended. Here we have a man depositing his own money in an account in his own name, who states that he wants the account " in both names," that is, his name and his daughter's name. The beneficiary has no knowledge of the transaction. No statement is ever made to her that she has an interest in the account. No dealings were ever had by the bank relative to the account, except with the deceased. Deceased always retained possession of the pass book and absolute control over the funds. He did not make the change in the deposit in the form of a trust, and his statements at the time are given from memory.

We must not lose sight of the declarations attributed to the deceased that he was going to place and did place funds in the bank in the name of a daughter to enable her to settle his estate and distribute the balance among his children. Such statements are at war with the claim that the funds left after his death were for the sole and exclusive benefit of Florence Cleveland.

This matter is not free from uncertainty. It may be said with considerable force that the deceased made the change in the account for some definite purpose and that such purpose was one of advantage to a selected daughter. It may further be stated that what he intended was imperfectly stated to the cashier and add to it, that unless he intended that Florence Cleveland should benefit by the transaction, his going to the bank at all was a useless formality.

When, however, we consider that a finding to the effect that a trust was intended for the sole benefit of Florence Cleveland, to the exclusion of his other heirs at law and thus disinherit his other children, in my judgment we are ascribing to him an intent which is not justified by the circumstances.

Decree may be submitted directing the St. Regis Falls National Bank to transfer the account to the administrators of the estate of Fred Gokey.