PRUDENCE LETT

*v.*

TWENTIETH STREET BANK, *A Corporation, Etc., et al.*

(No. 10519)

Submitted September 8, 1953. Decided October 13, 1953.

*Daugherty and Daugherty,* for plaintiff in error.

*Henry L. Max, Claude M. Morgan,* for defendants in error.

LOVINS, JUDGE:

This is a proceeding by notice of motion for judgment, instituted in the Circuit Court of Cabell County by Prudence Lett against the Twentieth Street Bank, a corporation.

The notice of motion is grounded on a claim that plaintiff is the sole owner of a savings deposit and interest thereon, amounting to $4286.64.

The bank filed an affidavit admitting the deposit of $4000.00 and that interest had accrued thereon in the amount of $286.64. The affidavit further stated that

Delania Wilson and Boyd Wilson are deceased. S. P. Chapman, administrator of Delania Wilson, and Drewrie J. Chapman, administrator of Boyd Wilson, were impleaded as defendants.

The trial court required the administrators aforesaid to appear, state and maintain their claim or else relinquish same. The administrators appeared and filed a joint affidavit to the effect that there was nothing due the plaintiff on the demand stated in her notice of motion.

A jury was waived and the facts submitted to the court in lieu of a jury. The court found that the plaintiff was entitled to the entire amount, and that the two administrators should take nothing in this action. Drewrie J. Chapman, administrator of Boyd Wilson, prosecutes this writ of error.

The record disclosed that on the 14th day of January, 1947, Boyd Wilson deposited the sum of $3000.00 in the Twentieth Street Bank, and on October 18, 1947, made another deposit of $1000.00, both deposits having been made in a savings account denominated "Boyd or Delania Wilson", who were husband and wife. In the year 1950, Boyd Wilson caused the name of Prudence Lett, his sister, to be added as a depositor, so that the pass book read: "Boyd or Delania Wilson or Prudence Lett". He procured a signature card from the bank, took the card to his sister's home and caused her to write her signature thereon. The record does not show, but it is probable that all of the money so deposited belonged to Boyd Wilson, and that neither his wife nor his sister, Prudence Lett, owned any part thereof. Likewise, the record fails to show expressly that there was an intention on the part of Boyd Wilson to create a survivorship for the benefit of his sister, though there is some indication from the testimony by a daughter of Prudence Lett that Wilson intended that his sister was to receive the money so deposited. The record is silent as to the possession of the pass book issued by the bank when the account was opened.

Boyd Wilson had no children and, so far as this record shows, died intestate. Delania Wilson, his wife, died intestate approximately one month after Boyd Wilson. Prudence Lett, at the time of the institution of this proceeding, is the sole survivor of the three persons named in the savings account. She relies upon Code, 31-8-23, as entitling her to the whole amount of the savings account. If she is correct in such contention, all of the money will go to her. On the contrary, if her contention is not upheld and the money belongs to the estate of Boyd Wilson, the entire amount passed to his wife, upon his death; and upon her death intestate, went to her several children, she having had five children by a former marriage, the administrators being her sons.

The impleaded defendants contend that the statute in nowise confers any property rights on Prudence Lett; that there is no manifestation of intent to create a joint tenancy in the sum of money; and that the plaintiff did not show that she was entitled to the money or any part thereof so deposited in the bank.

This proceeding, as above indicated, presents the question whether the sole survivor of three persons named as joint depositors in a savings account of a bank is entitled to all of the money in such account and accrued interest thereon.

The statute, here invoked, reads in part as follows:

"When a deposit is made by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them, such deposit, and any additions there-to made, by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants; and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to either during the lifetime of both, or to the survivor after the death of one of them; and such payment and the receipt or the acquittance of the one to whom such payment is made shall be a valid and sufficient release and dis-

> charge for all payments made on account of such deposit, prior to the receipt by the banking institution of notice in writing, signed by any one of such joint tenants, not to pay such deposit in accordance with the terms thereof."
> Code, 31-8-23.

The statute above quoted is clear, unambiguous and needs no construction. The legislative purpose and intent in the enactment of the statute quoted in part above, was to protect banking institutions. In so doing, the statute created certain property rights in all of the depositors named in a savings account.

It is to be observed that the element of survivorship in a joint tenancy in real or personal property, in general, has been abolished by statute, Code, 36-1-19, which provides, in substance, that any interest theretofore belonging to a decedent, whether present, by way of reversion, remainder or other future interest, whether it be in real or personal property, shall be disposed of as if the person owning such interest had been a tenant in common.

But Code, 31-8-23 restored the element of survivorship as to joint deposits made in a bank. In this situation, unless there is some other reason for denying the plaintiff recovery, she is entitled to the deposit made by her brother and the accrued interest thereon. Joint tenancy having been restored as to joint bank deposits, the element of survivorship as it existed at common law, is likewise restored as to such deposits.

In the interval of approximately one month elapsing between the death of Boyd Wilson and his wife, either his wife or his sister could have withdrawn the entire amount. But no effort was made by the wife of Boyd Wilson to withdraw the deposit, or any part thereof, after Wilson's death. Upon the death of Delania Wilson, the entire amount of the deposit and the accrued interest passed to Prudence Lett under the provisions of the statute.

It is true that in other jurisdictions, similar claims

have been granted or denied on variant grounds. In the case of *In Re Fonda's Estate*, 200 N.Y.S., 881, the court held in applying a statute similar to Code, 31-8-23, that such statute required strict construction, and that there was no proof that the deceased depositor intended to make an immediate gift. A similar conclusion was reached and a sole surviving depositor denied the right to the amount of the deposit, in the case of *In Re Gokey's Estate*, 252 N.Y.S., 434. It was shown however, in the *Gokey* case, that the original depositor informed the bank officer that no withdrawals were to be made by persons other than himself during his lifetime. See: *In Re Jarmakowski's Estate*, 8 N.Y.S. (2d) 35; *Morristown Trust Co.* v. *Capstick*, 106 A. 391; *Hayes* v. *Claessens*, (N.Y.), 137 N. E. 313. *In Boyle* v. *National Union Bank of Dover*, (N.J.), 144 A. 10, surviving depositors in a joint account claimed that the deceased depositor made a gift to them. The court denied their claim on the grounds that the evidence did not justify a finding that there was a gift by the deceased depositor to the claimants.

Authorities citing and discussing the numerous aspects of cases similar to the case at bar will be found in 48 A.L.R. 189; 135 A.L.R. 993; 149 A.L.R. 879. In some jurisdictions, the statute above quoted relating to joint tenancy in bank accounts was held to protect banks. See *Goc* v. *Goc*, (N.J.), 33 A. (2d) 870. A similar holding will be found in *Nichols* v. *Metropolitan Life Insurance Company*, (Ohio), 31 N. E. (2d) 224.

Whether Boyd Wilson was the owner of the money deposited is not clearly shown, though there is ground for an inference that he was the owner. Nevertheless, we think that the survivor is entitled to the proceeds by virtue of Code, 31-8-23. See *In Re Lewis' Estate*, (Miss.), 13 So. (2d) 20.

It was held in the case of *Walsh* v. *Keenan*, (N.Y.), 59 N.E. (2d) 409, that a withdrawal of money from a savings account such as that here shown, does not destroy

joint tenancy if it was created, but in such event where it is shown by evidence that no joint tenancy was originally intended, such evidence was admissible, and the statutory joint tenancy could be overcome by proof there was no intention to create such tenancy. The status of joint bank deposits in the absence of statute is discussed at length in 7 Am. Jur., Banks, Sections 426, 427, 434, 435. But in the case at bar, the necessity for those elements is eliminated under the provisions of Code, 31-8-23. See Annotations 66 A.L.R. 891; 103 A.L.R. 1133.

Many other authorities could be cited wherein different factual situations were presented and different conclusions reached. Those authorities are persuasive, but we think that the disposition of the joint deposit made by Boyd Wilson in the name of himself, his wife and his sister is controlled solely by the plain, unambiguous provisions of Code, 31-8-23. We do not think that any question of gift or trust arises in determining the rights of the parties under the contract of the deposit. *Deal's Adm'r.* v. *Merchants' & Mechanics' Savings Bank*, (Va.), 91 S. E. 135. See *In Re Staver's Estate*, (Wis.), 260 N.W. 655; *McConnell* v. *McCook Nat. Bank of McCook*, (Neb.) 6 N.W. (2d) 599; 5 Banks and Banking, Permanent Edition, Zollman, §3227; 2 Banks and Banking, Permanent Edition, Zollman, §1191.

We do not mean to intimate by anything written in this opinion that the common law right of survivorship, pertaining to joint tenancy, applies to any other instances than that covered by Code, 31-8-23.

The applicable statute requires no construction, and creates a joint tenancy in the deposits made by Boyd Wilson. The common law right of survivorship follows as a matter of course. The survivor in this case, the plaintiff, is entitled to the entire deposit and the interest thereon.

The judgment of the Circuit Court of Cabell County is affirmed.

*Affirmed.*