PAULINE SMITH

*v.*

LENORA SMITH, *Individually, et al., etc.*

(No. 14906)

Decided December 15, 1981.

*William L. Jacobs and Louie S. Davitian* for appellant.

*Lantz & Rudolph and Charles H. Rudolph, Jr.,* for appellees.

PER CURIAM:

This is an appeal by Pauline Smith from an order of the Circuit Court of Jackson County regarding the disposition of funds in a decedent's bank account. The court ruled that the funds passed to the decedent's heirs rather than the appellant even though the account was a joint survivorship account registered in the names of the decedent and the appellant. In making its ruling, the court, apparently relied upon our decision in *Kanawha Valley Bank v. Friend,* 162 W. Va. 925, 253 S.E.2d 528 (1979), where we refused to apply the presumption of a gift which arises from the creation of a joint bank account. The trial court ruled that a fiduciary relationship existed and the appellant had the burden of proving that the decedent had

intended to make a gift to her of the funds in the account. The appellant asserts that the court misinterpreted the *Kanawha Valley Bank* case and that the judge should have applied the presumption and held that she was entitled to the funds. We agree, and we reverse the decision of the circuit court.

Leona V. Price, who is now deceased, opened the savings account in question on August 8, 1967, with an initial deposit of $10,000. Five years later, on November 9, 1972, she added the appellant's name to the account as a joint tenant with the right of survivorship. During the remainder of her life Ms. Price retained control over the passbook for the account and made all deposits and withdrawals from it. She died on November 19, 1974.

After Ms. Price's death, the appellee, Lenora Smith, who was appointed administratrix of the estate, refused to deliver the passbook to the joint account to the appellant, and the appellee bank refused to distribute the funds in the account unless the appellant presented the book. The appellant instituted this action to establish her entitlement to the funds.

In the course of the proceedings in this case the appellees introduced evidence showing that during Ms. Price's lifetime the appellant had performed a number of services for her such as doing laundry and driving her from place to place. There was some evidence showing that the appellant's name was placed on the account to afford her access to the funds in the event that Ms. Price got sick. There was also evidence showing that after adding the appellant's name, Ms. Price considered removing it. However, it is undisputed that the appellant's name remained on the account when Ms. Price died. Also there is no indication that the appellant exercised possession or control over any of Ms. Price's assets during her lifetime.

On the basis of the evidence the court held that the appellant stood in a fiduciary relationship with Ms. Price and that she was not entitled to the funds because a presumption of constructive fraud arises when a fiduciary

is shown to have obtained a benefit from a fiduciary relationship. The court concluded that the appellant had failed to rebut the presumption of constructive fraud and prove that Ms. Price intended the funds in the account to be a gift to her.

*W. Va. Code,* 31A-4-33 [1969] which deals with jointly registered bank accounts, provides, in part:

> "When a deposit is made by any person in the name of such depositor and another or others and in form to be paid to any one of such depositors, or the survivor or survivors of them, such deposit, and any additions thereto, made by any of such persons, upon the making thereof, shall become the property of such persons as joint tenants; and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to any one of them during the lifetime of them, or to the survivor or survivors after the death of any of them; . . ."

In syllabus point 2 of *Dorsey v. Short,* 157 W. Va. 688, 205 S.E.2d 687 (1974), we examined the effect of this statutory section and concluded:

> "Code, 1931, 31A-4-33 as amended, creates, in the absence of fraud, mistake or other equally serious fault, a conclusive presumption that the donor depositor of a joint and survivorship bank account intended a causa mortis gift of the proceeds remaining in the account after his death to the surviving joint tenant."

*See, Wilkes v. Summerfield,* 158 W. Va. 554, 212 S.E.2d 316 (1975); *Lett v. Twentieth Street Bank,* 138 W. Va. 759, 77 S.E.2d 813 (1953).

In *Kanawha Valley Bank v. Friend,* 162 W. Va. 925, 253 S.E.2d 528 (1979), we recognized that fraud could vitiate the conclusive presumption of gift that arises from the creation of a joint account. In such a situation the party guilty of fraud has the burden of proving the funds in the account were intended was a *bona fide* gift to him. We concluded:

"A presumption of constructive fraud may arise in connection with joint bank accounts with survivorship, if the parties to the joint account occupy a fiduciary or confidential relationship. This presumption requires that the person who benefits from the creation of the account to bear the burden of proving that the funds were, in fact, a *bona fide* gift." Syllabus point, *Kanawha Valley Bank v. Friend, supra.*

At the crux of our holding in *Kanawha Valley Bank v. Friend, supra,* was the fact that the surviving joint tenant, by virtue of having a general power of attorney from the other joint tenant, a Mr. Dunbar, had a fiduciary relationship independent of the joint account. By using the power of attorney he had cashed treasury bills belonging to Mr. Dunbar and had the proceeds deposited in the joint bank account. Mr. Dunbar was somewhat senile at the time, and there was no indication that he was aware of this transaction which enured solely to the benefit of the other joint tenant. Our finding of a fiduciary relationship was based on the existence of power of attorney which had been exercised to enable the surviving joint tenant to assume possession and control of Mr. Dunbar's assets. The conclusion that a fiduciary relationship existed was not based on the fact that a joint bank account had been created.

The facts in the case before us are substantially different from those presented in *Kanawha Valley Bank v. Friend, supra.* There is nothing in the record to indicate that the appellant stood in a fiduciary relationship with Ms. Price. Unlike the surviving joint tenant in *Kanawha Valley Bank* the appellant had no document giving her control over Ms. Price's general financial affairs, and there is no showing that she ever assumed possession or control over Ms. Price's assets. We believe that on the record the court erred in finding a fiduciary relationship and in refusing to apply the conclusive presumption discussed in *Dorsey v. Short, supra.*

Accordingly, the judgment of the Circuit Court of Jackson County is reversed, and this case is remanded for further proceedings consistent with our opinion.

*Reversed and remanded.*