386 S.E.2d 493

Virginia YAROMEY, Angela Takovich and Frances Ambrose

v.

Janet KING and Frank Thaler.

No. 18705.

Supreme Court of Appeals of West Virginia.

Nov. 3, 1989.

**127**

George A. Markusic, Morgantown, for Virginia Yaromey, Angela Takovich and Frances Ambrose.

Clark B. Frame, Wilson, Frame & Metheney, Morgantown, for Janet King and Frank Thaler.

PER CURIAM:

This is an appeal by Virginia Yaromey, Angela Takovich, and Frances Ambrose from a judgment of the Circuit Court of Preston County in an action involving the ownership of certain bank accounts which had belonged to the appellants' deceased mother, Anna Thaler. At the time of Mrs. Thaler's death, the accounts were registered in her name and the names of two of her children, the appellees, Janet King and Frank Thaler, as joint tenants with the right of survivorship. The question in the action below was whether the accounts passed solely to Janet King and Frank Thaler as the surviving tenants with the right of survivorship or whether they passed to all Anna Thaler's children as her heirs at law. The appellants took the position that the joint survivorship feature of the accounts was created as a result of the undue influence of, and the perpetration of constructive fraud by, Janet King and Frank Thaler, and that, as a result, the survivorship feature of the accounts was inoperative and the accounts passed to the heirs at law.

A jury found that Janet King and Frank Thaler, as the surviving joint tenants, were the rightful owners. On appeal, the appellants claim that the jury's verdict was tainted by the fact that the circuit court refused to give certain instructions defining a fiduciary and setting forth the presumption of constructive fraud which arises when bank accounts are established through the use of a fiduciary power. After reviewing the record, this Court believes that the appellants were entitled to the instructions and that the circuit court erred in refusing to give them. Accordingly, the judgment of the Circuit Court of Preston County is reversed.

Anna Thaler, who at the time was over ninety years old, was hospitalized for observation from September 5, 1985, through September 10, 1985. Immediately upon her release, on September 10, 1985, Janet King and Frank Thaler, transported her in a van to the Bruceton Bank in Bruceton Mills, West Virginia. While Anna Thaler remained in the van with her son, Frank Thaler, Janet King went into the bank and indicated that Anna Thaler wished to transact some banking business in the van. A vice president of the bank, Loretta Christopher, went out to the van to speak with Anna Thaler. Shortly thereafter, while still in the van, Anna Thaler signed a power of attorney making her daughter, Janet King, her attorney-in-fact. She also signed documents establishing two new bank accounts on which her daughter, Janet King, and her son, Frank Thaler, were the sole co-registrees.

After Anna Thaler took these actions, her daughter, acting pursuant to the powers granted in the power of attorney, withdrew more than $39,000 from an existing account in the bank which was registered in Anna Thaler's name and the names of all her children, including the appellants. Mrs. King then deposited the funds from the old account in the bank accounts on which she and her brother, Frank, were listed as the sole co-registrees. The trans-

fer took place out of the presence of Anna Thaler.

Anna Thaler died testate on December 25, 1985. After learning about the change in the accounts, the appellants instituted an action in the Circuit Court of Preston County in which they asserted that Janet King and Frank Thaler had asserted undue influence over their mother and that the power of attorney between their mother and Janet King had created a fiduciary and trust relationship. They claimed that through the use of the fiduciary and trust relationship Janet King had brought about the change of the bank accounts. They took the position that, given the circumstances, Janet King and Frank Thaler had the burden of establishing that their mother intended them to be the successors to the accounts and that they did not automatically succeed to the accounts by virtue of the survivorship feature.

A trial was conducted in the case before a jury on April 11, 1988. At the conclusion of the evidence, the appellants submitted six instructions relating to the power of attorney and to the concept of constructive fraud which arises when joint accounts exist between parties in a fiduciary relationship. The trial court refused to give those instructions.

At the conclusion of the trial, the jury found in favor of the appellees, Janet King and Frank Thaler. The circuit court subsequently entered judgment on that verdict.

On appeal, the appellants claim that the trial court erred in giving the instructions, which, in effect, would have presented to the jury their constructive fraud theory of the case.

In *Dorsey v. Short*, 157 W.Va. 866, 205 S.E.2d 687 (1974), this Court ruled that *W.Va.Code*, 31A-4-33, in the absence of fraud, mistake, or other equally serious fault, creates a conclusive presumption that a gift is intended to the survivors when a bank account is registered in the joint names of a deceased person and the survivors as joint tenants with the right of survivorship. Under this provision, Janet King and Frank Thaler would be entitled to the funds in the accounts in issue in the present case unless the appellants could show fraud, mistake, or equally serious fault.

In the later case of *Kanawha Valley Bank v. Friend*, 162 W.Va. 925, 253 S.E.2d 528 (1979), the Court was asked to consider the circumstances which would constitute fraud, mistake, or another equally serious fault sufficient to destroy the presumption created by *W.Va.Code*, 31A-4-33. The *Kanawha Valley Bank* case involved Manassah Judy who, by formal power of attorney, appointed his brother-in-law and business associate, Theodore Dunbar, his attorney-in-fact to handle his business affairs. Three months after the power of attorney was executed, Mr. Dunbar delivered to the Kanawha Valley Bank signature cards bearing both his signature and that of Mr. Judy, calling for the creation of checking and savings accounts with survivorship features. Mr. Dunbar later deposited $30,000 in the accounts. The money came from U.S. treasury bills previously owned solely by Mr. Judy. The Court was asked to decide whether, under the circumstances of the case, *W.Va.Code*, 31A-4-33, created a conclusive presumption that Mr. Dunbar was the owner of the funds in the joint bank accounts after the demise of Mr. Judy.

The Court reviewed a number of similar cases from other jurisdictions and ultimately adopted the rule recognized by the majority of those jurisdictions. That rule, as subsequently set forth in the single syllabus point of *Kanawha Valley Bank v. Friend, supra,* stated that:

> A presumption of constructive fraud may arise in connection with joint bank accounts with survivorship, if the parties to the joint account occupy a fiduciary or confidential relationship. This presumption requires the person who benefits from the creation of the account to bear the burden of proving that the funds were, in fact, a *bona fide* gift.

The Court concluded that since Mr. Dunbar occupied a fiduciary relationship, a presumption of constructive fraud did arise and that, under the circumstances, the presumption in *W.Va.Code*, 31A-4-33, did not

apply, and that Mr. Dunbar had the burden of proving that the funds were, in fact, intended as a *bona fide* gift to him.

Later, in *Smith v. Smith*, 168 W.Va. 511, 285 S.E.2d 145 (1981), the Court pointed out that a critical feature of the *Kanawha Valley Bank* case was the fact that Mr. Dunbar, by using the power of attorney, had cashed the treasury bills belonging to Mr. Judy and had then deposited the proceeds in a joint bank account. In effect, Mr. Dunbar had used fiduciary powers expressly granted to him by Mr. Judy to direct funds in such a way that he, Mr. Dunbar, the fiduciary, ultimately stood to benefit from them.

The rule which was set forth in the *Kanawha Valley Bank* case has subsequently been recognized in later decisions. *See, e.g., Koontz v. Long*, 181 W.Va. 800, 384 S.E.2d 837 (1989); *Vercellotti v. Bowen*, 179 W.Va. 650, 371 S.E.2d 371 (1988).

Although the time frame for the events involved in the present case is extremely condensed in comparison to the time frame involved in the *Kanawha Valley Bank* case, still in many key regards the facts of the present case are analogous to those in the *Kanawha Valley Bank* case. In the *Kanawha Valley Bank* case, Mr. Judy, the initial owner of the funds, signed the bank cards creating the joint bank accounts in question. In the present case, Anna Thaler signed the cards creating the joint bank accounts in question. In the *Kanawha Valley Bank* case, the brother-in-law, Mr. Dunbar, used the powers granted to him by the power of attorney to obtain funds belonging to the person to whom he owed a fiduciary duty and then transferred the funds into the joint accounts. In the present case, Mrs. King used the powers granted to her by the power of attorney signed by her mother to withdraw funds from the original account established by her mother and then deposited the proceeds in the bank accounts in which she and Frank Thaler were the sole joint tenants with the right of survivorship.

■ This Court believes that the facts of the present case, although different in terms of time-frame, are sufficiently analo-gous to and sufficiently like those of the *Kanawha Valley Bank* case to dictate that the present case be governed by the principles and rule discussed in the *Kanawha Valley Bank* case. Rather clearly, Janet King used fiduciary powers to transfer her principal's funds to the joint accounts in which she was designated a survivor.

■ Under the rule in the *Kanawha Valley Bank* case, the appellants in the present case were entitled to instructions defining a fiduciary and telling the jury when the presumption of constructive fraud arises. They were also entitled to instructions telling the jury that a fiduciary who benefits from the transfer of assets by use of a fiduciary power has the burden of proving that the transfer was, in fact, made pursuant to an intent on the part of principal-beneficiary to make a *bona fide* gift.

This Court believes that the instructions offered by the appellants and refused by the court properly would have informed the jury of the law relating to the situation and that the circuit court erred in refusing to give those instructions.

Because the circuit court failed to give the instructions offered by the appellants, this Court concludes that the judgment of the circuit court must be reversed and this case must be remanded for a new trial.

Reversed and remanded.