451 S.E.2d 422

Martin F. VANCE, John R. Vance, Lewis
I. Vance, Naomi June Bowser, and Re-
becca Davis, Plaintiffs Below, Appel-
lants,

v.

Ralph P. VANCE, Individually and as Ex-
ecutor of the Last Will and Testament
of Ida V. Stanley, and Charles V. Ren-
ner, Fiduciary Commissioner, Defen-
dants Below, Appellees.

No. 22029.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 20, 1994.

Decided Nov. 2, 1994.

William G. Mercer, Elizabeth, for appel-
lants.

Richard A. Hayhurst, Parkersburg, for ap-
pellee, Ralph P. Vance.

PER CURIAM:

This is an appeal by certain of the nieces
and nephews of Ida V. Stanley from an order
of the Circuit Court of Wood County grant-
ing Ralph P. Vance, the executor of Ida V.
Stanley's will, summary judgment in an ac-
tion brought by the appellants to have cer-
tain assets jointly owned by Ida V. Stanley
and Ralph P. Vance declared assets of Mrs.
Stanley's estate. On appeal, the appellants
claim that at the time of the circuit court's
order there were genuine issues of material
fact in the case, and that, under the circum-
stances, summary judgment was improper.
After reviewing the documents filed and the
issues presented, this Court disagrees. The
judgment of the Circuit Court of Wood Coun-
ty is, therefore, affirmed.

Ida V. Stanley, whose property is in dis-
pute in the present proceeding, executed a
will shortly after she was declared mentally
competent by the County Commission of
Wood County in a proceeding instituted by
her niece, Naomi June Bowser. In the will,
Mrs. Stanley made devises and bequests to
her nieces and nephews and left the residu-
um of her estate to certain nephews. She

also nominated her nephew, Ralph P. Vance, to serve as executor of her estate. Mr. Vance lived with Mrs. Stanley during the last years of her life, and, in addition to nominating him executor of her estate, Mrs. Stanley executed a power of attorney making him her attorney-in-fact.

Prior to her death, Mrs. Stanley transferred certain securities, which had a substantial value, from her own name to the names of herself and Ralph P. Vance, as joint tenants with right of survivorship.

On August 18, 1991, Ida V. Stanley died, and Ralph P. Vance offered her will for probate and was appointed executor of her estate. Mr. Vance subsequently filed an inventory and appraisement of the estate, as required by law. On the inventory and appraisement, Mrs. Stanley's probate estate was listed as consisting of property worth $76,903.10. The assets which Mrs. Stanley had previously transferred to the joint tenancy with right of survivorship between herself and Ralph P. Vance were inventoried as nonprobate assets and were listed as being the property of Ralph P. Vance as the surviving joint tenant. The value of the joint tenancy property was placed at $183,639.43.

After the filing of the appraisement, the appellants, Martin F. Vance, John R. Vance, Lewis I. Vance, Naomi June Bowser, and Rebecca Davis, who were legatees under Ida V. Stanley's will, instituted the present proceeding. In their amended complaint, they alleged that at the time Ida V. Stanley transferred the assets to the joint account between herself and Ralph P. Vance, Ralph P. Vance was Ida V. Stanley's fiduciary and that:

> The obtaining of the assets by Ralph P. Vance for no apparent consideration at a time when he owed a fiduciary duty to Ida V. Stanley, a person of advanced years and diminished mental capacity, creates a presumption that the assets were fraudulently obtained.

The plaintiffs prayed that Ralph P. Vance be required to account for all assets which he had obtained, either jointly or solely from Ida V. Stanley, and that the court declare the assets property of the estate of Ida V. Stan-

ley distributable under her last will and testament.

Following the filing of the complaint and an answer to it, Ralph P. Vance filed a motion for summary judgment. In conjunction with that motion, he submitted an affidavit in which he stated that none of the jointly-owned assets were acquired by him through the use of the power of attorney granted to him by Ida V. Stanley and that, to the contrary, all such joint tenancies were created by Ida V. Stanley in her own proper person during her lifetime. He also stated:

> That great love and affection existed between your affiant and the defendant's decedent, and your affidavit lived with and in the home of the defendant's decedent at a time late in her life when the rest of her family had forsaken her and at a time when at least one of the members of her family, the plaintiff Naomi June Bowser, had attempted to have her declared incompetent and to take control of her financial affairs, and your affiant was therefore, and is, a natural object of bounty of the defendant's decedent ... That at no time did your affiant employ his power of attorney given to him by the defendant's decedent for his own benefit, nor did he ever exercise any degree of duress or influence over her for his own benefit, not did he perpetuate any species of fraud or other misconduct upon her in order to induce her to transfer or leave property to him during her lifetime or as a result of her death. . . .

After taking the documents filed under consideration, the Circuit Court of Wood County, on April 8, 1993, entered an order granting the motion for summary judgment and held that there was no genuine issue as to any material fact in the case. In granting the motion for summary judgment, the circuit court, in effect, ruled that Ralph P. Vance was entitled to the assets in question.

In the present proceeding, the appellants claim that there were material issues of fact in the case and that, under the circumstances, the trial court erred in granting summary judgment.

In *Aetna Casualty & Surety Company v. Federal Insurance Company of New*

*York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court discussed at some length the circumstances under which summary judgment could properly be granted under the West Virginia Rules of Civil Procedure. In that case, the Court indicated that the question to be decided on a motion for summary judgment was whether there was a genuine issue of material fact in the case. In syllabus point 4, the Court concluded:

> If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact.

*See also, Oakley v. Wagner,* 189 W.Va. 337, 431 S.E.2d 676 (1993); *Everly v. Peters,* 183 W.Va. 613, 397 S.E.2d 416 (1989); *Wysong v. Stowers,* 166 W.Va. 211, 273 S.E.2d 379 (1980); *Consolidated Gas Supply Corp. v. Riley,* 161 W.Va. 782, 247 S.E.2d 712 (1978); *Beaver v. Hitchcock,* 151 W.Va. 620, 153 S.E.2d 886 (1967); *Deane v. Kirsch,* 148 W.Va. 429, 135 S.E.2d 295 (1964).

In the present proceeding, the appellants essentially argue that because Mr. Vance had power of attorney to act in Mrs. Stanley's behalf at the time funds were transferred to the survivorship account, he bore the burden of proving that the transfer of assets to the joint tenancy account was intended by Mrs. Stanley to be a bona fide gift.

It appears that the appellants' claims in this case grow out of this Court's holding in *Kanawha Valley Bank v. Friend,* 162 W.Va. 925, 253 S.E.2d 528 (1979). In that case, this Court recognized that where parties to a joint bank account with a right of survivorship occupy a fiduciary or confidential relationship, the person who benefits from the creation of the account, under certain circumstances, bears the burden of proving that the transfer of funds to the joint account was, in fact, intended as a *bona fide* gift.

The precise holding in the *Kanawha Valley Bank* case was expressed in the sole syllabus point, as follows:

> A presumption of constructive fraud may arise in connection with joint bank accounts with survivorship, if the parties to the joint account occupy a fiduciary or confidential relationship. This presump-

tion requires the person who benefits from the creation of the account to bear the burden of proving that the funds were, in fact, a *bona fide* gift.

In the *Kanawha Valley Bank* case, the Court also recognized that a power of attorney creates an agency relationship, and this establishes a fiduciary relationship between the principal, or the party who granted the power, and the agent, or the party who receives the power.

In cases which followed *Kanawha Valley Bank v. Friend, id.,* the Court pointed out that the mere existence of a power of attorney or of a fiduciary relationship is not the fact which is determinative of whether the agent or fiduciary has the burden of proving that the transfer of funds or property to a joint tenancy with the right of survivorship was intended as a *bona fide* gift. Rather, the Court stressed that the real question is whether the fiduciary used his fiduciary powers to direct funds or other property into a joint tenancy with right of survivorship account. For instance, in *Smith v. Smith,* 168 W.Va. 511, 285 S.E.2d 145 (1981), the Court stated:

> At the crux of our holding in *Kanawha Valley Bank v. Friend, supra,* was the fact that the surviving joint tenant, by virtue of having a power of attorney from the other joint tenant, a Mr. Dunbar, had a fiduciary relationship independent of the joint account. By using the power of attorney he had cashed treasury bills belonging to Mr. Dunbar and had the proceeds deposited in the joint bank account.

168 W.Va. at 514, 285 S.E.2d at 147.

Somewhat similarly, in commenting on the *Smith* case, in *Yaromey v. King,* 182 W.Va. 126, 386 S.E.2d 493 (1989), the Court stated that a critical feature of the *Kanawha Valley Bank* case was the fact that the fiduciary, by using the power of attorney, had cashed the treasury bills belonging to the grantor of the power of attorney and had then deposited the proceeds in a joint bank account. In effect, the fiduciary had used fiduciary powers to direct funds in such a way that he ultimately stood to benefit from them.

An important thread runs throughout this Court's cases relating to when a surviving joint tenant, who is also a fiduciary, must prove that the deceased joint tenant intended to make a *bona fide* gift to him of the assets in that account. That thread indicates that a fiduciary who is also a surviving joint tenant must prove that a *bona fide* gift was intended with the joint tenancy arrangement if the fiduciary in any way used his fiduciary powers to divert funds into the account. It is not the fact that a fiduciary relationship exists that requires the proving of the bona fide gift. Rather, it is the fact that the fiduciary powers were used by the fiduciary to divert funds to the joint tenancy with the right of survivorship that is determinative.

In the case presently before the Court, the facts appear to be clear. Ida V. Stanley did grant Ralph P. Vance her power of attorney and thus made him her fiduciary. Ida V. Stanley also created an account titled in her name and the name of Ralph P. Vance as joints tenants with the right of survivorship and transferred substantial assets into that joint tenancy account.

The facts are also clear that the transfer of assets was made by Ida V. Stanley herself and that Ralph P. Vance in no way used his fiduciary power to bring about the transfer of assets to the joint account. In his affidavit filed in support of his motion for summary judgment, Ralph P. Vance specifically stated:

> That none of the assets held by the decedent and your affiant as joint tenants, as reflected on the appraisement of the estate of Ida V. Stanley, deceased, were such that an interest therein was acquired by your affiant through the use of the power of attorney granted to him by the decedent during her lifetime; to the contrary, all such joint tenancies were created by the decedent in her own proper person during her lifetime; . . . .

To counter this affidavit, the appellants introduced nothing indicating that the transfers were brought about by Ralph P. Vance through the use of any fiduciary power granted to him by Ida V. Stanley.

This Court believes that for the appellants to prevail in the present proceeding, it would necessary for them to show that not only that a fiduciary relationship existed between Ida V. Stanley and Ralph P. Vance, but also that Ralph P. Vance used that fiduciary relationship to direct Ida V. Stanley's assets to the account held with her by him as a joint tenant with the right of survivorship. The evidence adduced rather conclusively shows that nothing can be introduced showing that the fiduciary power was used to bring about the transfer of assets.

In this Court's view, at the time the circuit court granted summary judgment there were no questions of material fact yet remaining in the case and further development of the evidence was not desirable to clarify the issues. Under such circumstances, syllabus point 4 of *Aetna Casualty & Surety Company v. Federal Insurance Company of New York, supra,* indicates that summary judgment should have been granted.

Since the Circuit Court of Wood County did not err in granting summary judgment, this Court concludes that the circuit court's judgment should be affirmed.

Affirmed.

BROTHERTON, C.J., did not participate.

MILLER, Retired J., sitting by special assignment.