# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Barbara Bell,**
**Plaintiff Below, Petitioner**

**vs) No. 14-0930** (Putnam County 11-C-118)

**Judy Gill, executrix,**
**Defendant Below, Respondent**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Barbara Bell, by counsel Timothy J. LaFon and Keisha D. May, appeals the Circuit Court of Putnam County's order entered on August 22, 2014, granting summary judgment in favor of Respondent Judy Gill. Respondent, by counsel Thomas H. Peyton, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are siblings, and their mother is Mildred Vincent Turley ("the decedent"). The decedent executed her will on April 2, 2001. This will left all of the decedent's assets equally to her three children. Pursuant to the 2001 will, decedent's daughter Shirley Jean Jackson was named as co-executrix of the estate with respondent, Judy Gill. Subsequently, Shirley Jean Jackson passed away and on May 27, 2008, the decedent properly executed a codicil that amended the will so that Shirley Jean Jackson's daughter, Catherine Elaine Jackson, would serve as co-executrix with respondent. The decedent died on June 23, 2010. The will was admitted to probate and recorded on July 29, 2010.

At the time of her death, the decedent owned various certificates of deposit held at Putnam County Bank and United National Bank, which listed specific family members as co-owners and beneficiaries. Two of these certificate of deposit totaling $15,000.00, were titled in the decedent's name as well as the names of both respondent and petitioner. Respondent withdrew these funds, and did not give petitioner her share of the funds. After petitioner filed suit, respondent agreed to pay petitioner half of these funds.

The decedent also owned three conventional bank accounts at the time of her death. These accounts are the controversy in this matter, hereinafter referred to as Accounts 1, 2, and 3. On May 30, 2008, (three days after executing her codicil) the decedent established Accounts 1

1

and 2 as joint accounts with survivorship naming the respondent, Lisa Fitzgerald[1] and Catherine E. Jackson as co-owners. In October of 2008, Account 3 was established as a joint account with survivorship, and also named respondent and Lisa Fitzgerald as co-owners. The documents establishing the three bank accounts note plainly that the accounts are held with the right of "survivorship."

The deposition testimony in this case indicates that the decedent was not mentally incapacitated at any time during the calendar year of 2008. Petitioner acknowledged that she was not challenging the will of the decedent. Petitioner also testified that as of May 30, 2008, the decedent knew what she was doing in regard to her financial affairs. Petitioner testified that she believed her mother became mentally incompetent, and unable to handle her financial affairs, around September of 2009.

Conversely, respondent testified that her mother did not suffer any mental illness leading up to her death. Respondent further testified that her mother changed the title of the three bank accounts in 2008 because that is what her mother wanted to do. Respondent testified that she drove her mother to the bank, but did not exert any undue influence on her mother, or use any alleged fiduciary relationship to effectuate the change in the title of the three banks accounts in question.

Petitioner filed suit on April 27, 2011, against respondent. Count 1 alleged that respondent "used fraud or undue influence" and breached her "fiduciary duty to decedent." Count II alleged that respondent was liable for damage caused by the undue influence. Count III alleged that the decedent lacked the requisite testamentary capacity to make a valid will and transfer the above-mentioned assets, and that respondent tortuously interfered with petitioner's reasonable expectation of testamentary bequests. Count IV alleged fraud against respondent; Count V alleged intentional malicious, willful, and wanton conduct against respondent; and Count VI requested injunctive relief.

Respondent filed a Motion for Summary Judgment on March 24, 2014. Petitioner filed a response and a hearing was held on June 27, 2014. The circuit court found that there existed no genuine issues of material fact, granted petitioner $7,500.00 for her share of the certificates of deposit, and dismissed the remaining claims. Petitioner now appeals the August 22, 2014, order that granted summary judgment in favor of respondent.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have held that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *id.* Further,

> [a] motion for a summary judgment should be granted if the pleadings, exhibits
> and discovery depositions upon which the motion is submitted for decision

---

[1] Lisa Fitzgerald is respondent, Judy Gill's daughter.

disclose that the case involves no genuine issue as to any material fact and that the party who made the motion is entitled to a judgment as a matter of law.

Syl. Pt. 5, *Wilkinson v. Searls*, 155 W.Va. 475, 184 S.E.2d 735 (1971).

Petitioner asserts that the circuit court erred by finding there was no evidence of fraud, mistake, or equally serious fault sufficient to overcome the presumption that the decedent, intended for the bank accounts to be joint and survivorship accounts and gifts to the remaining account holders as set forth in *Webb v. Williams*, 188 W.Va. 7, 422 S.E.2d 484 (1992). In *Webb*, the decedent's will divided his estate equally between three individuals, however, "a question arose regarding the ownership of bank accounts which had been held jointly, with a right of survivorship, by the decedent and his son, Wilbert Williams." 188 W.Va. at 9, 422 S.E.2d at 486. The matter was tried twice, and both times a jury found that the decedent was under the mistaken impression that all of his assets would be shared equally between his wife, son, and daughter, and found in favor of the plaintiffs. *Id.*, 188 W.Va. at 10, 422 S.E.2d at 487.

We find petitioner's reliance on *Webb* misplaced; and find that the facts in this case are not similar to the facts in *Webb*. In *Webb*, ample evidence was provided to support the plaintiffs' contention that the decedent intended to leave his estate "equally" to his wife and children. 188 W.Va. at 10, 422 S.E.2d at 487. In addition, testimony was presented that (1) the decedent was under the mistaken impression that if he did not name a co-owner to his account, that his estate would escheat to the State; (2) the bank may not have explained in full detail the legal effect of establishing an account with survivorship; and (3) the decedent was of advanced age, of limited education, and suffered from hearing loss and poor eyesight. *Id*. In the case-at-bar, approximately three days after amending her will to add Catherine Jackson as a co-executrix of the estate, decedent changed the title of the bank accounts in question and named Catherine Jackson, respondent, and Lisa Turley as co-owners. The bank accounts plainly note that the accounts are held with the right of survivorship. Further, the testimony in this case indicates that the decedent was not incapacitated during the time she established the accounts, and there is no evidence that the decedent was mistaken in her actions.

Petitioner argues further that a confidential relationship existed between respondent and the decedent, and asserts that a presumption of constructive fraud may arise in connection with joint bank accounts with survivorship, if the parties to the joint account occupy a fiduciary or confidential relationship. Petitioner claims that this relationship requires respondent to prove that the funds were in fact a "bona fide" gift, pursuant to syllabus point 2 of *Barnhart v. Redd*, 196 W.Va. 142, 469 S.E.2d 1 (1996). [2]

---

[2] We decline at this time to consider whether a fiduciary relationship existed between respondent and the decedent as there is no evidence that respondent used her relationship with the decedent to affect the change in title to the bank accounts. However, we do find that the facts in this case are similar to those in *Smith v. Smith,* 168 W.Va. 511, 285 S.E.2d 145 (1981). There, the appellant had performed a number of services for the decedent, such as doing laundry and driving the decedent from place to place. Significantly, there was also evidence showing that the appellant's name was placed on the joint account to afford her access to the funds in the event (continued . . .)

The record is devoid of evidence that respondent used her close relationship with her mother to direct property into the joint tenancy. The existence of a fiduciary or confidential relationship does not, in and of itself, create this presumption. A party seeking to invoke constructive fraud must show not only that a confidential or fiduciary relationship existed, but also that the fiduciary used the relationship to direct property into the joint tenancy. *See Nugen v. Simmons*, 200 W.Va. 253, 257, 489 S.E.2d 7, 11 (1997). In its order entered August 22, 2014, the circuit court held,

> [t]he undisputed evidence in this case indicates that Mildred Turley established the accounts and personally titled the accounts as joint tenancy with the right of survivorship with individuals other than the plaintiff at a time when she was mentally competent to fully understand her own financial affairs. The [respondent] did not cause Mildred Turley to transfer any of her accounts into joint tenancy nor is there any evidence that she exerted any undue influence regarding the titling of the accounts in controversy.

Therefore, we agree and find that the circuit court did not err in ruling that there is insufficient evidence to create a genuine issue for trial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

that the decedent got sick. *Id.*, 168 W.Va. at 512, 285 S.E.2d at 146. On appeal, this Court found that the appellant did not stand in a fiduciary relationship to the deceased, noting that she held no document giving her control over the decedent's general financial affairs, and that there had been no showing that the surviving joint tenant had ever assumed possession or control over the decedent's assets. *Id.*, 168 W.Va. at 514, 285 S.E.2d at 147.

4