287 S.E.2d 161

**TOWN OF BANCROFT, a
Municipal Corporation**

v.

**James TURLEY and Jo Turley.**

**No. 14925.**

Supreme Court of Appeals of
West Virginia.

Nov. 3, 1981.

Rehearing Denied Feb. 23, 1982.

Leo Catsonis, J. David Cecil, Charleston,
for appellants.

W. Stuart Calwell, Jr., Franklin Lee
Gritt, Jr., Nitro, for appellee.

PER CURIAM:

This is an appeal by James Turley and Jo
Turley from an Order of the Circuit Court
of Putnam County enjoining them from
blocking a "public way" in the Town of
Bancroft. The case arose after the appel-
lants installed a mobile home across "Kana-
wha Street" in Bancroft. In this appeal,
the appellants assert that the Town failed
to establish that "Kanawha Street" was a
public way rather than their private proper-
ty, and that the Court committed a number
of procedural errors in resolving the issues
in the case. After considering the record,
we find that the Court did not commit
reversible error, and we affirm its judg-
ment.

In *State ex rel. Riddle v. Department of
Highways*, 154 W.Va. 722, 725, 179 S.E.2d
10, 13 (1971), we outlined the methods by
which a public road could be established.
We said:

"This Court has said that generally there
are three methods by which a public road
or highway may be established, namely,
by condemnation, by continuous and ad-
verse use by the public for the statutory
period accompanied by some official rec-
ognition of such road by public authority,
and by dedication of the land by its own-
er to public use, or by his written consent
to such use, and acceptance of the dedi-
cation by the proper authorities. *Ryan*

*v. The County Court of Monongalia County,* 86 W.Va. 40, 102 S.E. 731."

This case was tried by the circuit court without a jury. In the course of the proceedings, evidence was introduced by the Town showing that the public had used "Kanawha Street" adversely for ten or more years prior to the placement of the appellants' trailer and that the Town had paid for materials to top it and had periodically and officially requested that the State Road Commission assist in maintaining it. The evidence also showed that the appellant, before placing his trailer on the property, had contacted the Town and was informed that "Kanawha Street" was a public road. While not uncontradicted, this evidence, if believed by the trial court, was sufficient to establish a public way by continuous and adverse possession coupled with official recognition.

■ In syllabus point 8 of *Sanders v. Roselawn Memorial Gardens, Inc.,* 152 W.Va. 91, 159 S.E.2d 784 (1968), we said:

"A finding of fact made by a trial chancellor or by a trial court sitting in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by this Court on appeal unless the evidence plainly and decidedly preponderates against such finding." *See, Foglesong v. Foglesong Funeral Home, Inc.,* 149 W.Va. 454, 141 S.E.2d 390 (1965); *Lusher v. Sparks,* 146 W.Va. 795, 122 S.E.2d 609 (1961).

■ In as much as evidence in the case before us supports the court's finding that "Kanawha Street" was a public way, we believe, in accordance with syllabus point 8 of *Sanders,* that the court's finding should not be disturbed on appeal.

■ After thoroughly examining the procedural points which relate principally to the pleadings filed by the Town, we conclude that substantial justice has been done. Even if technical error has been committed, correction of that error and retrial would not tend in any measure to produce a different result. In such a situation, the judgment of the lower court should not be reversed. *See, Napier v. Plymale,* 167 W.Va. 372, 280 S.E.2d 122 (1981); *Barnes v. City of Grafton,* 61 W.Va. 408, 56 S.E. 608 (1907).

Accordingly, the judgment of the Circuit Court of Putnam County is affirmed.

Affirmed.