329 S.E.2d 51

**Sharon L. GILLIAM**

v.

**William G. YEATES.**

No. 16334.

Supreme Court of Appeals of
West Virginia.

Jan. 17, 1985.

Decided April 12, 1985.

William R. Kiefer, Bogarad & Robertson,
Weirton, for appellant.

George E. McLaughlin and Helen Camp-
bell Altmeyer, Bachmann, Hess, Bachmann
& Garden, Wheeling, for appellee.

PER CURIAM:

The plaintiff appeals from a judgment
confirming a jury verdict rendered against
her claim for damages for personal injuries
sustained in an automobile collision. She
asserts that the trial court erred in giving a
defense instruction pertaining to the mak-
ing of a left turn.[1] We agree and we
reverse and remand for a new trial.

The plaintiff, Sharon Gilliam, was driving
a 1968 Buick Electra north along West
Virginia Route 2 on January 19, 1978.
James King was a passenger in her car.
The defendant, William Yeates, was driving
a small pickup truck south on Route 2.
Route 2 is a two-lane highway that expands
to three lanes, providing for a turning lane,
south, when it intersects with the Market
Street Bridge. When the plaintiff ap-
proached the intersection she was in the
left northbound lane intending to make a
left turn onto the bridge. As she turned
left, her car collided with the defendant's
vehicle such that the front of the pickup
truck struck the front passenger side of
the plaintiff's car. The accident occurred
in the late evening on a snow-covered road.

Traffic at the intersection of Route 2 and
the Market Street Bridge was controlled by
a traffic light; neither party introduced
evidence to show that the traffic light was

---

1. The plaintiff also contends that the court erred
in denying her motion for a new trial when the
jury verdict was contrary to the evidence. Be-

cause we reverse on other grounds, we do not
reach this issue.

defective at the time of the accident. Sharon Gilliam testified that when she approached the intersection the light facing her was red; that she came to a complete stop and waited until the green arrow indicating that she could turn left appeared; that she proceeded to turn left onto the bridge and as she did so, the defendant's truck struck the front of her car. Mr. King generally corroborated the plaintiff's testimony. Defendant Yeates testified that the light facing him was red as he approached the intersection and that in response to the red light he slowed his vehicle and came to a complete stop. He testified that he saw no traffic around him at the time; that he saw no cars south of the intersection; and that when the light facing him turned green, he proceeded through the intersection and at that point saw a car coming from the south "pretty fast". He testified that he collided with the plaintiff's vehicle in his lane of travel.

At defendant's request, the trial court gave an instruction which stated:

The court instructs the jury that the making of a left turn into a passing lane or across oncoming traffic, not at a controlled intersection, is one of the most dangerous movements a vehicle can make on the highway, and the driver of a vehicle making such movement must ascertain if it can be done with reasonable safety.

The jury returned a verdict for the defendant and, by final order entered January 18, 1983, the trial court confirmed the verdict by denying the plaintiff's motion for a new trial.

In *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981), we wrote a syllabus point which stated:

The making of a left turn into a passing lane or across oncoming traffic is one of the most dangerous movements a vehicle can make on the highway, and the driver of a vehicle making such movement must ascertain if it can be done with reasonable safety.

It was on the basis of this syllabus point that the defendant proferred the instruc-

tion in the case before us. The only difference between the instruction and the statement of law in *Addair* is that the defense added the phrase "not at a controlled intersection" to its instruction.

A complete reading of *Addair* makes it clear that the law in the syllabus point quoted above applies to left turns made between intersections. It does not apply to left turns made at an intersection.[2] The appellee admits that the giving of the instruction in question might have constituted error if it had not contained the phrase "not at a controlled intersection." Appellee argues that this phrase was added to direct the jury if they accepted the testimony of both drivers that the light facing them was green, thus leading to the conclusion that the traffic light was not working properly at the time of the accident, and the intersection was uncontrolled.

There was no evidence introduced at trial by either of the parties to show that the traffic light at the intersection of Route 2 and the Market Street Bridge was not working properly. Thus, there was no evidence to support the instruction as given. In addition, if the words "not at a controlled intersection" were added to clarify the instruction, their purpose was not served. The instruction is misleading and confusing because it appears to tell the jury that the accident did not occur at a controlled intersection which is contrary to the evidence. " 'An instruction which tends to mislead the jury is erroneous and should be refused.' Syl. pt. 19, *Payne v. Kinder*, 147 W.Va. 352, 127 S.E.2d 726 (1962)." Syllabus Point 6, *Cross v. Trapp*, 170 W.Va. 459, 294 S.E.2d 446 (1982).

In view of the jury verdict for the defendant we cannot say that the giving of this instruction was harmless error. Accordingly, the judgment of the Circuit Court of Brooke County is reversed and the case is remanded for a new trial.

Reversed and Remanded.

**2.** See *McMillen v. Dettore*, 161 W.Va. 346, 242 S.E.2d 459 (1978), where we required a standard of "due care under the circumstances" for left-turning motorists at intersections.