370 S.E.2d 725

Timothy WALKER

v.

Cathy GATSON, Circuit Clerk of Kanawha County; the Board of Review of the West Virginia Department of Employment Security, etc., et al.

No. 17665.

Supreme Court of Appeals of West Virginia.

June 30, 1988.

David B. McMahon, Legal Aid Soc. of Chas., Charleston, for petitioner.

Jack O. Friedman, Dept. of Empl. Sec., Charleston, for appellee.

PER CURIAM:

This is an appeal, by way of certiorari,* from a final order of the Circuit Court of Kanawha County, entered January 16, 1987, which denied the claim of the petitioner, Timothy Walker, for unemployment compensation benefits. The petitioner contends that the lower court erred in finding that he was disqualified from receiving benefits and in failing to order the claim remanded for a further evidentiary hearing for alleged errors committed by the Administrative Law Judge. We find no error warranting reversal of the circuit court's decision, and we affirm.

The petitioner was employed as a truck driver by Ed's Sanitation Service, a private garbage collection service. On July 5, 1985, the petitioner voluntarily quit his job.

On September 3, 1985, the petitioner applied to the West Virginia Department of Employment Security (DES) for unemployment compensation benefits, alleging that he left his employment because the employer rescinded a pay raise given to him four weeks before. At a predetermination hearing conducted before a deputy DES commissioner, the owner of the employing company, Mr. Charles E. Snodgrass, alleged, and the petitioner apparently agreed, that additional compensation paid to the petitioner during that time represented extra pay for working extra hours. Based on these representations, the deputy commissioner ruled that the petitioner was eligible to receive unemployment compensation benefits but was disqualified on the ground that he had voluntarily left work without good cause involving fault on the part of the employer. *See* W.Va.Code § 21A–6–3 [1984].

The petitioner appealed the deputy commissioner's ruling, and a hearing was conducted before an Administrative Law Judge (ALJ) on October 1, 1985. Mr. Snodgrass appeared on behalf of the employer and testified that the petitioner had failed to appear for work on July 5, 1985, at the regular time. Mr. Snodgrass testified that

he telephoned the petitioner, who initially stated that he would report to work in 15 minutes but subsequently called back and stated that he thought he would just quit. Mr. Snodgrass stated that he did not ask for, nor did the petitioner offer, a reason for this decision.

Counsel for the petitioner introduced into evidence stubs from the petitioner's last four paychecks, which indicated that he been paid $300.00 on June 20, 1985, $337.50 on June 27, 1985, $300.00 on July 4, 1985, and $275.00 on July 11, 1985. Mr. Snodgrass testified that the petitioner had been paid a base salary of $275.00 per week, which represented compensation for a standard forty-hour workweek, and additional compensation at an hourly rate when the petitioner worked more than the usual number of hours per week. Mr. Snodgrass denied that the petitioner had been given a raise in his base salary and attributed the fluctuation in his weekly pay during his last month of employment to the varied number of overtime hours he worked during that period. Mr. Snodgrass further testified that although the petitioner regularly worked fewer than forty hours per week, he was always paid the base salary. The petitioner did not appear personally and offered no testimony in his own behalf.

By order dated October 1, 1985, the ALJ affirmed the deputy commissioner's ruling on the merits of the claim and dismissed the case for failure to prosecute. The petitioner appealed this ruling to the DES Board of Review, which concluded that the ALJ had made a proper ruling and adopted his findings, by reference, in their entirety. The petitioner then appealed to the Circuit Court of Kanawha County, seeking a decision *de novo* on the merits based on the transcript of the administrative hearing or, in the alternative, remand of the case for further evidentiary hearings on the ground that the ALJ had made a number of procedural errors.

By final order dated January 16, 1987, the circuit court affirmed the decision of

---

* W.Va.Code § 21A–7–27 (1985 Replacement Vol.) provides that in unemployment compensation cases, an appeal from a decision of the Circuit

Court of Kanawha County may be taken to this Court by petition for a writ of certiorari.

the Board of Review. After reviewing the transcript of the administrative hearing, the circuit court found that the petitioner had been paid a base salary of $275.00 per week plus extra wages for additional work and that there was no showing that the petitioner's base salary had been increased and subsequently reduced in the last month of his employment. There being no dispute that the petitioner left work voluntarily, the court concluded that he was disqualified from receiving benefits because his separation from employment was without good cause involving fault on the part of the employer. The circuit court further found that the ALJ had, in fact, made several procedural errors with respect to the administrative hearing, but concluded that in view of the submission of the case for decision on the merits, there was no necessity to remand for further hearings.

We find no error warranting reversal of the circuit court's decision on the merits of the claim. The only evidence presented on behalf of the petitioner at the administrative hearing showed that his pay had increased and then decreased in the last month of his employment. The uncontradicted evidence of the employer explained the fluctuation in pay as attributable to the variable number of additional hours worked by the petitioner per week, rather than to any increase and subsequent decrease in the petitioner's base salary. On this evidence, the Board of Review affirmed the prior rulings denying benefits, implicitly finding no good cause involving fault on the part of the employer for the petitioner's voluntary separation from employment.

"Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; ...." Syllabus point 1, in part, *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821 (1981). Here, the findings of the Board of Review were not plainly wrong. Accordingly, the decision of the circuit court will not be reversed on this ground.

The petitioner also contends that the circuit court erred in not remanding the claim for further evidentiary development. In this regard, the petitioner contends that the record in this case is incomplete in that it does not contain an exhibit introduced by the employer or a transcription of an off-the-record discussion between Mr. Snodgrass and the ALJ which occurred during the administrative hearing.

First, we note that the petitioner has not demonstrated that these omissions from the record have affected his substantial rights in any way. The missing exhibit was a copy of the employer's pay records, the pertinent aspects of which were covered in detail in Mr. Snodgrass' direct testimony and cross-examination. The petitioner does not offer this Court any summary of the ALJ's off-the-record discussion with Mr. Snodgrass at the administrative hearing. Even if we were to conclude that the ALJ improperly took evidence from the employer at that time, there is no showing that the ALJ considered such evidence in making his decision. Since there was ample proper evidence to sustain the ALJ's determination, and there has been no showing of prejudice to the petitioner as a result of the omissions, any error in the failure to include these items in the record must be deemed harmless. *See Federoff v. Rutledge*, 175 W.Va. 389, 332 S.E.2d 855 (1985); *State ex rel. Norton v. Stone*, 173 W.Va. 179, 313 S.E.2d 456 (1984); *Kanawha Valley Transportation Co. v. Public Service Commission*, 159 W.Va. 88, 219 S.E.2d 332 (1975). *See also Ilosky v. Michelin Tire Corp.*, 172 W.Va. 435, 307 S.E.2d 603 (1983).

Moreover, it appears that, at least initially, the petitioner was satisfied to submit his claim on the evidence presented at the administrative hearing. The record before this Court discloses no motion for a continuance before the ALJ or request for an opportunity to present further evidence before the Board of Review or in the petition for review in the circuit court. The issue of remand appears to have been raised for the first time in the petitioner's brief in the circuit court, but only as alter-

native relief in the event the petitioner did not receive a favorable decision on the merits of the claim. In such circumstances, the petitioner may well have waived his right, if any, to further evidentiary hearings. *See State ex rel. Ruddlesden v. Roberts,* 175 W.Va. 161, 332 S.E.2d 122 (1985). Accordingly, we cannot say that the circuit court committed reversible error in not remanding the claim for further evidentiary development.

Finally, the petitioner contends that the ALJ erred in dismissing the claim for failure to prosecute when the record reveals no motion for such disposition on the part of the employer. It is true that we find no motion for dismissal by the employer. However, any error in the ALJ's ruling must be deemed harmless in view of the petitioner's submission of the claim for a decision on the merits based on the evidence adduced at the administrative hearing. *See Town of Bancroft v. Turley,* 170 W.Va. 1, 287 S.E.2d 161 (1981).

For the reasons stated above, we find no error warranting reversal of the circuit court's denial of benefits in this claim. The judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.