384 S.E.2d 837

**Ina B. KOONTZ, as Administratrix of the Estate of Loren D. Boggess**

**v.**

**Kathleen LONG.**

**No. 18742.**

Supreme Court of Appeals of West Virginia.

July 3, 1989.

David P. Cleek, Charleston, for Ina B.
Koontz.

John H. Tinney, Spilman, Thomas, Battle
& Klostermeyer, Charleston, for Kathleen
Long.

PER CURIAM:

This is an appeal by Kathleen Long from
a judgment of the Circuit Court of Kana-
wha County in two consolidated actions
involving the ownership of certain certifi-
cates of deposit and a bank account. The
judgment declared that Ina B. Koontz, as
administratrix of the estates of Loren D.
Boggess and Edith A. Boggess was the
owner of the certificates of deposit and the
account. On appeal, the appellant, who
was registered as the joint owner of the
certificates and the account, claims that the
circuit court erred in declaring that they
were the property of the administratrix of
the estates of Loren D. Boggess and Edith
A. Boggess. After reviewing the record,
this Court can find no reversible error.
Accordingly, the judgment of the Circuit
Court of Kanawha County is affirmed.

In 1984 Edith and Loren Boggess, who
during the period relevant to this law suit
were eighty-three and seventy-nine years
of age, owned twenty-seven certificates of
deposit issued by Farmers Federal Savings
& Loan Association and had a bank account
at the Kanawha Valley Bank. The certifi-
cates of deposit and the bank account were
titled in the names of the Boggesses, who
were husband and wife, as joint tenants
with the right of survivorship.

On September 11, 1984, Edith Boggess
and the appellant, Kathleen Long, who was
the niece of Edith and Loren Boggess and
who was Loren Boggess' third cousin, visit-
ed an office of Farmers Federal Savings &
Loan Association. At that time, Edith Bog-
gess requested that the savings and loan
association add the appellant's name as a
joint tenant with right of survivorship to
each of the Boggesses' certificates of de-
posit. An employee of the savings and
loan association, Helen Casto, pursuant to
the request pulled the signature cards on
the certificates and typed the name of the
appellant, Kathleen Long, on each card.
The appellant then, in the presence of Ms.
Casto and Edith Boggess, signed each card.

A month later, on October 11, 1984, the
Boggesses and the appellant executed a
signature card for a bank account which
the Boggesses had at the Kanawha Valley
Bank. This signature card registered each
of the Boggesses and the appellant as joint
tenants with the right of survivorship in
that account.

On December 28, 1984, Edith Boggess suffered a stroke and was hospitalized. She died on January 10, 1985. On February 13, 1985, Loren Boggess died.

Ina B. Koontz, the appellee in the present proceedings, qualified as administratrix of the estates of Loren D. Boggess and Edith A. Boggess. After her qualification, she requested that the appellant surrender the certificates of deposit and the checking account. The appellant took the position that she was the owner of the certificates of deposit and of the bank account since she was a registered joint tenant with right of survivorship of the certificates and of the bank account.

When the appellant refused to surrender the certificates of deposit and the bank account, Ina B. Koontz instituted a civil action against the appellant in behalf of the estate of Loren D. Boggess in the Circuit Court of Kanawha County. She later instituted a separate civil action on behalf of the estate of Edith A. Boggess. The two civil actions were subsequently consolidated by the Circuit Court of Kanawha County.

The issues in the consolidated cases were tried by a jury in June, 1987. At the conclusion of the trial, the jury found in favor of Ina B. Koontz as administratrix of the estates of Loren D. Boggess and Edith A. Boggess. The court later entered judgment in accordance with the jury's verdict. It is from that judgment that the appellant now appeals.

The fundamental question in this case is whether the appellant, as a titular joint tenant with the right of survivorship on accounts held by two persons now deceased, should succeed to the funds in those accounts or whether the funds should pass to the deceased tenants' heirs.

■ In a number of cases this Court has ruled that when a party's name is added as a joint tenant with the right of survivorship on a bank or like account, there is a presumption that the person adding the joint tenant's name intends to make a gift of the funds in the account. *See, e.g., Wilkes v. Summerfield*, 158 W.Va. 554, 212 S.E.2d 316 (1975); *Dorsey v. Short*, 157 W.Va.

866, 205 S.E.2d 687 (1974); *Lett v. Twentieth Street Bank*, 138 W.Va. 759, 77 S.E.2d 813 (1953).

■ In the case of *Kanawha Valley Bank v. Friend*, 162 W.Va. 925, 253 S.E.2d 528 (1979), the Court, however, recognized an exception to this rule. The Court stated that if the parties to the joint account occupy a fiduciary or confidential relationship, the presumption of gift is overcome and the person who benefits from the creation of the joint account must prove that the funds in the account were in fact intended to be a *bona fide* gift to him. The Court stated in the single syllabus of the *Kanawha Valley Bank* case that:

A presumption of constructive fraud may arise in connection with joint bank accounts with survivorship, if the parties to the joint account occupy a fiduciary or confidential relationship. This presumption requires the person who benefits from the creation of the account to bear the burden of proving that the funds were, in fact, a *bona fide* gift.

In the present case the jury found that the appellant had a fiduciary or confidential relationship with the Boggesses and that the appellant failed to prove that the Boggesses intended to make a gift to her of the funds in the accounts in question. The appellant's assignments of error focus on the question of whether the jury was properly instructed on the law relating to fiduciary relationships and on the further question of whether the facts adduced established that there was such a fiduciary relationship.

For instance, the appellant claims that the trial court erred in giving Koontz' Instruction No. 9, as modified by the court. That instruction stated:

The court instructs the jury that a fiduciary means a person who holds the character of a trustee who must act with scrupulous good faith and candor. A fiduciary is invested with rights and powers to be exercised for one or more person's benefit.

A person acts as a fiduciary when the business he transacts, or the money or

property he handles, is not for his benefit but for the benefit of another to whom he stands in confidence.

This Court has recognized that the definition of a fiduciary relationship presents difficult problems. Quoting 1 *Bigelow on Frauds,* p. 262, the Court, however, indicated in *McKinley v. Lynch,* 58 W.Va. 44, 57, 51 S.E. 4, 9 (1905) that:

> ... it will probably be safe, without excluding other possible cases, to say that such a relation arises wherever a trust, continuous or temporary, is specially reposed in the skill or integrity of another, or the property or pecuniary interests, in the whole or in part, or the bodily custody, of one person, is placed in the charge of another.

■ Koontz' Instruction No. 9, as modified and given by the Court, essentially focused on the key elements of the relationship. It pointed out the element of trust or confidence, which is a part of the relationship. It indicated that the placement of money or property in the charge of another, but not for the other's benefit, is an element of the relationship. Overall, this Court cannot conclude that the trial court erred in giving it.

During trial, Brenda Hunt, an employee of the Farmers Federal Savings and Loan, where all but one of the accounts were held, testified as to the events surrounding the addition of the appellant's name to the Boggesses' accounts. When specifically asked whether the Boggesses ever told her that they were changing the account so as to make a gift to the appellant, she responded that they did not. Helen Casto, the employee who actually changed the registration cards at the Farmers Federal Savings and Loan Association, indicated that Mrs. Boggess entered the office with the appellant and introduced her as her niece. She also stated that Mrs. Boggess wanted to have the appellant's name placed on her accounts. The following testimony ensued:

Q. Did she [Mrs. Boggess] say for what purpose she was adding Mrs. Long's name?

A. The best I can recall, just so that in case she couldn't get down sometime when the certificate came due, that maybe Kathleen could do it for her, you know.

Q. So Mrs. Long could handle her affairs?

A. Right, she could more or less take care of it if she needed to have her do it, do that.

Ms. Casto also testified that Mrs. Boggess did not indicate that she was making a gift of the monies to the appellant.

At another point, Ms. Casto testified that she explained to Mrs. Boggess the effect of her adding the appellant's name to the account. She was asked what her explanation had been. She responded:

> That these, this was a joint signature card, and by adding Mrs. Long's name to the account it was making her, like, a joint owner of the account. She could transact any business that Mr. and Mrs. Boggess could transact. Any party on the account could do, you know, make withdrawals or additions, anything they liked to the account as long as they had the proper certificates.

There is no indication that Ms. Casto specifically explained to Mrs. Boggess that by Mrs. Boggess' making the appellant a joint tenant, the appellant would succeed to the funds in the account on the death of the Boggesses.

Further evidence adduced during the trial demonstrated that while Mrs. Boggess was alive and active the appellant took no action with regard to the accounts. Later, however, the appellant did draw funds from the accounts solely for the purpose of paying the expenses of the Boggesses. There is no showing that she personally used any of the funds while the Boggesses were alive.

■ This Court believes that the evidence adduced is sufficient to support the conclusion that Mrs. Boggess placed the money in the accounts to provide the appellant with access to them in the event the Boggesses needed her assistance. In effect, it supports the finding of a fiduciary relationship. From it the jury could also

have concluded that the Boggesses did not intend to make the appellant a *bona fide* gift of the funds in the account.

■ Generally this Court has been unwilling to substitute its judgment for that of juries, and it has recognized that:

It is the peculiar and exclusive province of the jury to weigh the evidence and resolve questions of fact when the testimony of witnesses is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them.

Syllabus point 1, *Evans v. Farmer,* 148 W.Va. 142, 133 S.E.2d 710 (1963); syllabus point 2, *Kidd v. Norfolk & Western Ry. Co.,* 156 W.Va. 296, 192 S.E.2d 890 (1972); syllabus point 1, *Ashland Oil, Inc. v. Donahue,* 164 W.Va. 409, 264 S.E.2d 466 (1980). In view of the character of the evidence and this rule, the Court cannot conclude that the jury improperly concluded that the appellant was occupying a fiduciary position.[1]

The appellant also claims that the court erred in failing to give her Instruction No. 9, which stated:

Two or more persons may agree to establish a certificate of deposit account with a federal savings and loan association which is jointly owned by such persons and which is payable to the person who survives the other. The language of the contract or agreement governing the account controls the respective rights of the parties.

■ As indicated in *Kanawha Valley Bank v. Friend, supra,* the language of a contract or agreement governing accounts

is not the sole determinant of the ownership of those accounts. Where the parties are in a fiduciary or confidential relationship, that factor can affect the ownership of the accounts and the rights of the parties. In that the appellant's Instruction No. 9 failed to discuss the effects of fiduciary or confidential relationships, it ignored a theory presented and supported by the evidence, and it was an incomplete statement of the law of the case. In lieu of appellant's Instruction No. 9, the court gave Defendant's Instruction No. 10, as amended. That instruction stated:

Once a joint account with the right of survivorship is established, either party has the full power and authority to withdraw the funds on deposit therein, or to transfer title to those funds to another person. If a joint account with the right of survivorship is established by a husband and wife, and either the husband or wife later causes the name of a third person to be added to the account, the third person is entitled to the funds in the account if that person survives the husband and wife, unless a fiduciary relationship is established.

This instruction more fully states the law of the case than the appellant's Instruction No. 9. Since the trial court gave it, this Court cannot conclude that the trial court erred in refusing to give appellant's Instruction No. 9. *See Addair v. Motors Ins. Corp.,* 157 W.Va. 1013, 207 S.E.2d 163 (1974).

The appellant also claims that the trial court erred in failing to give her Instruction No. 8. That instruction stated:

---

1. The Court notes that the appellant suggests that it is not sufficient to show that she was occupying a fiduciary relationship with the Boggesses. She argues that it must be shown that she used the relationship to acquire title to the accounts. The Court believes that the testimony of the savings and loan employees during trial potentially supports the conclusion that Mrs. Boggess was motivated by what might be designated fiduciary considerations at the time she added the appellant's name. The Court believes that this was sufficient to bring the case within the ambit of the *Kanawha Valley Bank* rule.

The appellant also suggests that her case was prejudiced by the fact that the trial court ruled

that the evidence demonstrated that Loren Boggess was incompetent prior to the time the accounts were changed. The appellant is apparently taking the position that this was the basis of the finding of a fiduciary relationship depriving her of the account. In response to special interrogations, the jury found that the appellant owed Edith Boggess a fiduciary obligation whether Loren Boggess knew about it or not. Because Edith Boggess changed the accounts and because the appellant, in the jury's view, stood in a fiduciary relationship to her, the trial court's ruling on the competency of Loren Boggess, in this Court's view, has no real bearing on the critical questions in this case.

This lawsuit was instituted by the plaintiff to determine whether Kathleen Long is entitled to funds in a checking account and 27 certificates of deposit at Farmers Federal Savings and Loan Association. Under the laws of the State of West Virginia, a person who establishes a bank account in his name and that of another person as joint owners with the right of survivorship, is conclusively presumed, in the absence of fraud, mistake, or other equally serious fault, to have intended a *causa mortis* gift to the surviving joint tenant of the proceeds remaining in the account after his death.

As already discussed, under the law of West Virginia, fraud, mistake, or certain other inequitable circumstances, including the mere existence of a fiduciary relationship between the joint parties on an account, may overcome the presumption of a gift in the registration of the account. The existence of a fiduciary relationship is not necessarily a circumstance equal to or in the nature of fraud or mistake. In that the appellant's Instruction No. 8 failed to include the existence of a fiduciary relationship as a specific ground which might obviate the presumption of a gift, and in that it suggested that before such a relationship could be considered as a factor obviating the presumption of gift it had to rise to the level of ordinary fraud or mistake, as opposed to constructive fraud, this Court believes that this instruction tended to be an incomplete and misleading statement of the law. Such an instruction may properly be refused by a trial court. *See McGlone v. Superior Trucking Co., Inc.*, 178 W.Va. 659, 363 S.E.2d 736 (1987); *Gilliam v. Yeates*, 174 W.Va. 686, 329 S.E.2d 51 (1985); *Cross v. Trapp*, 170 W.Va. 459, 294 S.E.2d 446 (1982).

Finally, the appellant claims that the trial court did not meaningfully review the jury's verdict before entering judgment for the reason that the trial court entered its final order prior to reviewing her "Motion for judgment in accordance with motion for directed verdict."

As previously indicated, the evidence adduced supports the jury's finding of a fiduciary relationship, and, as discussed above, the jury's verdict was not improper. In view of these circumstances, even if the trial court had not meaningfully reviewed the jury's verdict, the trial court's action was harmless. *See Town of Bancroft v. Turley*, 170 W.Va. 1, 287 S.E.2d 161 (1981).

For the reasons stated, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.