# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SEAN C. MCKEE,**
**Plaintiff Below, Petitioner**

**v.)**     **No. 25-ICA-85**     (Cir. Ct. of Monongalia Cnty. Case No. CC-31-2021-C-280)

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

**and**

**PARKER HALL INSURANCE AGENCY, INC.,**
**Defendants Below, Respondents**

**FILED**

**June 4, 2026**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Sean McKee appeals the February 6, 2025, order of the Circuit Court of Monongalia County, certifying, pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure, its January 5, 2024, order granting partial summary judgment to State Farm Mutual Automobile Insurance Company ("State Farm") on Count I of Mr. McKee's complaint.[1] State Farm and Parker Hall Insurance Agency, Inc. ("Parker Hall") filed a response in support of the circuit court's order.[2] Mr. McKee did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the record on appeal, the oral and written arguments of counsel, and the applicable law, we find that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure for reversal

---

[1]The circuit court's February 6, 2025, order also certifies a January 31, 2025, order granting partial summary judgment to Parker Hall regarding damages. However, Mr. McKee's arguments in the instant case do not challenge the circuit court's award of partial summary judgment to Parker Hall regarding damages. Accordingly, our review of the instant case will be limited to a review of the circuit court's award of partial summary judgment to State Farm via the January 5, 2024, order.

[2]Mr. McKee is represented by William C. Brewer, Esq. State Farm and Parker Hall are represented by Ashley Hardesty Odell, Esq., and Christopher G. Robinson, Esq.

1

in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed and this case is remanded for further proceedings consistent with this decision.[3]

On September 12, 2019, Mr. McKee purchased a 2016 Subaru WRX Sedan ("WRX") from Ron Lewis Chrysler Dodge Jeep Ram ("Ron Lewis") in Pittsburgh, Pennsylvania. As part of the purchase of the WRX, Mr. McKee traded a 2015 Ford Focus that was identified as "Your Car" in State Farm Policy No. 212 5863-C14-48P ("Policy"), issued to Mr. McKee and his father. There is no dispute that the Policy was obtained by Mr. McKee and his father through a State Farm insurance agent.[4]

Mr. McKee claimed that while traveling to his home in Monongalia County on the date of the purchase of the WRX, he telephoned Parker Hall to advise of the trade of the Ford Focus and purchase of the WRX.[5] The placement of this telephone call, which was four minutes and forty-eight seconds in length, was corroborated in Mr. McKee's cellular telephone records. Additionally, Mr. McKee claimed that on the date of purchase of the WRX, an employee of Ron Lewis, per that company's normal business practices, independently contacted Parker Hall to advise of Mr. McKee's vehicle purchase.[6] Further, Mr. McKee alleged that he telephoned Parker Hall a second time, on September 14, 2019, to advise of the delivery of the WRX, and indicated such information in a voice mail message.

---

[3]On May 1, 2026, State Farm filed a Motion to Dismiss Appeal. In its motion, State Farm argued that its tender of a $100,000 payment to Mr. McKee on April 20, 2026, rendered the instant appeal moot. Mr. McKee filed a response in opposition to State Farm's motion, to which State Farm replied. The Motion to Dismiss Appeal was denied by this Court's order entered on June 1, 2026.

[4]The State Farm Certified Policy Record identified Rick Bailey, Jr., who then operated a State Farm agency in Fairmont, West Virginia, as the agent. However, it is undisputed that the State Farm agency that Mr. McKee allegedly advised of his purchase of the WRX, on September 12, 2019, was his "personal State Farm agent" Parker Hall.

[5]In an affidavit dated December 8, 2023, Mr. McKee averred that when he telephoned the Parker Hall agency on September 12, 2019, he spoke to a female in the Parker Hall office and provided the Vehicle Identification Number ("VIN"), make, model, and year of the WRX vehicle and asked that the WRX be added to the Policy.

[6]We note that there is no corroboration within the Appendix record before us to substantiate or dispute this allegation, as no representative of Ron Lewis has yet been deposed.

On October 3, 2019, while operating the WRX, Mr. McKee was involved in a motor vehicle accident, when another driver failed to yield the right of way. As a result of that accident, Mr. McKee claimed that he sustained serious injuries, which required multiple surgeries and resulted in medical expenses in excess of $500,000.[7]

On October 4, 2019, Mr. McKee notified State Farm, via telephone call to Parker Hall, of the underlying motor vehicle accident. Below, State Farm and Parker Hall argued that Mr. McKee's October 4, 2019, post-accident communication was their first notice that Mr. McKee had purchased a new vehicle (the WRX) and that said communication occurred more than 14 days following Mr. McKee's purchase of said vehicle. Specifically, State Farm alleged that the WRX was added to the Policy on October 4, 2019, after Mr. McKee called to report the purchase of the WRX and that "the [Parker Hall] employee that took that phone call does not remember Mr. McKee saying anything about an accident."

By letter dated March 15, 2021, Mr. McKee advised State Farm of his intent to seek compensation under the underinsured motorists ("UIM") provision of the Policy and provided documentation supporting his claims. On July 19, 2021, Mr. McKee advised State Farm that the insurance carrier for the party at fault for the underlying accident (Nationwide) had offered Mr. McKee the limits of the applicable insurance policy and requested that State Farm waive its right to subrogation.[8] In response, by letter dated July 28, 2021, State Farm notified Mr. McKee that it refused to extend coverage to Mr. McKee under the UIM provision of the Policy, as the WRX was not a "newly acquired vehicle" under the Policy. The Policy defined "***Newly Acquired Car***" as

> a ***car*** newly ***owned by you***. ***A car*** ceases to be a newly ***acquired car*** on the earlier of:
>
> 1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
> 2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

Here, State Farm noted that the bill of sale for the WRX indicated the purchase date of September 12, 2019. However, Parker Hall was allegedly not notified of Mr. McKee's

---

[7]Mr. McKee's accident-related injuries included a concussion, a bruised sternum, fractured ribs, a sprained thumb, and powder burns (related to air bag deployment).

[8]State Farm waived its subrogation rights related to Mr. McKee's settlement with Nationwide on August 11, 2021.

request "to replace the 2015 Ford Focus with the [WRX]" until October 4, 2019, more than 14 calendar days following delivery of the WRX to Mr. McKee. Hence, State Farm argued that it was "unable to extend coverage" under the Policy to Mr. McKee.

In October of 2021, Mr. McKee filed the underlying complaint against State Farm and Parker Hall, which contained five separate counts: I – Personal Injury UIM Coverage Claim; II – Common Law Bad Faith; III – Unfair Claims Settlement Practices; IV – Animus; and V – Errors and Omissions Claim.[9] After initial discovery, State Farm filed a motion for partial summary judgment as to Count I, to which Mr. McKee replied and filed a cross-motion for partial summary judgment on Count I. A hearing on these motions was held before the circuit court on December 19, 2023, and, by order dated January 5, 2024, the court awarded partial summary judgment to State Farm.

In its order, the circuit court made a number of findings, including that at the time of the October 3, 2019, accident, the WRX (purchased by Mr. McKee more than 14 days prior to the accident) was not listed on the declarations page of the Policy. Further, the court concluded that the WRX was not added to the Policy before the October 3, 2019, accident. As to the Policy at issue, the court found that:

> The Policy provides UIM coverage when an insured is injured while in a vehicle defined as "your car" or a "newly acquired car," as defined in the Policy . . . However, the Policy specifically excludes UIM coverage when an insured is injured in a vehicle that is owned by the insured, but which is not insured at the time of the accident.[10]

---

[9]Counts II (Common Law Bad Faith) and III (Unfair Claims Settlement) were bifurcated and stayed and Count IV (Animus) was dismissed by the circuit court's order entered October 3, 2022.

[10]The Policy's UIM coverage section specifically noted the application of a number of exclusions, including an owned but not insured exclusion. Specifically applicable here, the Policy clearly stated:

**Exclusions**
THERE IS NO COVERAGE:

.   .   .

2.    FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** OR OTHERWISE USING A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** AND IF IT IS:

The court determined that Mr. McKee "alleges" he requested coverage for the WRX under the Policy from Parker Hall prior to the accident, but notes that Parker Hall "maintains" that Mr. McKee "did not report the purchase of the new vehicle until after the accident." Moreover, the court concluded that Mr. McKee's WRX was "purchased by [Mr. McKee] and delivered to [Mr. McKee] more than fourteen (14) days prior to the accident." Curiously, the court notes, in part in paragraph 14 of its January 5, 2024, order that "[t]he parties dispute whether [Mr. McKee] reported the purchase of the [WRX] to [Parker Hall] prior to the accident. This dispute is not relevant to Count I (UIM Coverage Claim) asserted against State Farm." It is from the circuit court's January 5, 2024, order that Mr. McKee now appeals.

On appeal, Mr. McKee raises two assignments of error, each challenging the circuit court's award of partial summary judgment to State Farm.[11] As these assignments of error both address the propriety of the circuit court's award of partial summary judgment, we will consolidate the assignments of error for the purposes of this appeal. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam); *see also Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision).

In West Virginia, "[a]ppellate review of a partial summary judgment order is the same as that of a summary judgment order, which is *de novo*." Syl. Pt. 1, *W. Va. Dep't of Transp. v. Robertson*, 217 W. Va. 497, 618 S.E.2d 506 (2005). In conducting a de novo review, this Court applies that same standard for granting summary judgment that a circuit court must apply. *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005). Pursuant to this standard, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning

    a.  NOT INSURED FOR UNDERINSURED MOTOR VEHICLE COVERAGE; OR

    b.  INSURED FOR UNDERINSURED MOTOR VEHICLE UNDER ANOTHER POLICY ISSUED BY *US*.

This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** or otherwise using a motor vehicle not ***owned by*** one or both of them.

[11]On appeal, Mr. McKee argues that (1) the circuit court erred in finding no genuine issue as to any material fact in its award of partial summary judgment to State Farm and Parker Hall and (2) the circuit court erred in failing to view the evidence in the light most favorable to the nonmoving party.

the facts is not desirable to clarify the application of the law." Syl. Pt. 6, *Hardy v. 3M Co.*, 252 W. Va. 654, ___, 925 S.E.2d 464, 470 (2025) (quoting Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of N.Y.*, 148 W. Va. 160, 133 S.E.2d 770 (1963)).

In *Hardy*, the Supreme Court of Appeals of West Virginia ("SCAWV") noted that

> [i]t is likewise well settled that summary disposition is not intended as a substitute for the jury's fact-finding role. Rather, "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial."

*Hardy*, 252 W. Va. at ___, 925 S.E.2d at 478 (quoting Syl. Pt. 3, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994)). Mindful of these standards, we now address the issue raised by Mr. McKee on appeal.

In the instant case, we find that there exists between the parties a dispute as to a genuine issue of material fact – whether Mr. McKee timely (within 14 days of the delivery of the WRX) notified Parker Hall of his purchase of the WRX and asked that it be added to his Policy – and that the existence of this dispute precludes the award of partial summary judgment to State Farm as to Count I of Mr. McKee's complaint.[12] The circuit court relied only upon the declarations page of the Policy in awarding partial summary judgment to State Farm and concluded that since the declarations page of the Policy did not list the WRX as an insured vehicle on the date of the underlying accident that Mr. McKee was not entitled to UIM coverage "within the four corners of the Policy." We disagree.

As provided in subsection three of the "**GENERAL TERMS**" section of the Policy, in order for an insured to "insure a car newly owned" after that car ceases to be a "newly acquired car[,]" the insured must either:

---

[12]The *Hardy* Court, citing Syl. Pt. 5, *Jividen v. Law*, 194 W. Va. 705, 461 S.E.2d 451 (1995), stated that

> a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

*Hardy* at ___, 925 S.E.2d at 478.

6

a. request *we* replace the *car* currently shown on the Declarations Page of this [P]olicy with the *car* newly *owned by you* and pay *us* any added amount due. If *you* make such request while this policy is in force and:

   (1) before the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date the *car* newly *owned by you* is delivered to *you* . . . or

   (2) after the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this [P]olicy as *your car* beginning on the date and time *you* make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the *car* newly *owned by you* . . . .


Below, Mr. McKee offered evidence showing that he complied with the general terms of the Policy by telephoning Parker Hall on September 12, 2019, purportedly (as referenced in his affidavit) to advise of the purchase of the WRX. Thus, the factual question of whether Mr. McKee notified Parker Hall of the vehicle purchase on September 12, 2019, and requested the WRX be added to the Policy, thus complying with the general terms of the Policy, is critical to a determination of State Farm's duty to provide coverage for his claims at issue and precludes an award of summary judgment.

Moreover, we note that in awarding State Farm partial summary judgment, the circuit court wholly ignored the existence of the agency relationship between State Farm and Parker Hall. As the SCAWV reasoned in *Keller v. First National Bank*, 184 W. Va. 681, 684, 403 S.E.2d 424, 427 (1991),

> [g]enerally, an insured deals with an insurance company through an insurance agent, who generally is authorized to act for the insurance company. [West Virginia Code § 33-1-12 (1957)] defines an insurance agent as "an individual appointed by an insurer to solicit, negotiate, effect or countersign insurance contracts in its behalf." Therefore, an insurance agent "who has actual authority to enter into a contract on behalf of a principal will bind the principal to all the elements of that contract, even though particular statements may have been unauthorized." [*Warden v. Bank of Mingo*, 176 W. Va. 60, 64, 341 S.E.2d 679, 684 (1985)] (quoting *Thompson v. Stuckey*, 171 W. Va. 483, 300 S.E.2d 295, 299 (1983)).

7

Applying this same logic to the disputed facts of the instant case, we find the circuit court erred in its failure to recognize that State Farm is responsible for the actions and inactions of its agent, Parker Hall, who undisputedly had the actual authority to act on State Farm's behalf. Thus, the determination of whether Mr. McKee timely notified Parker Hall of his purchase of the WRX vehicle and requested coverage is not only relevant to the disposition of Count I (UIM Coverage Claim) asserted against State Farm, but is dispositive. As to the resolution of questions of fact, the SCAWV has long held that "[i]t is the peculiar and exclusive province of the jury to weigh the evidence and resolve questions of fact when the testimony of witnesses is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them." Syl. Pt. 4, *Webb v. N. Hills Grp., Inc.,* 251 W. Va. 402, 914 S.E.2d 275 (2025) (quoting Syl. Pt. 2, *Koontz v. Long*, 181 W. Va. 800, 384 S.E.2d 837 (1989) (per curiam)). Here, given the existence of a dispute as to a genuine issue of material fact, we find that the circuit court erred in awarding partial summary judgment to State Farm as to Count I of Mr. McKee's complaint.

Accordingly, we reverse the circuit court's January 5, 2024, order awarding partial summary judgment to State Farm and remand this matter to the circuit court for additional proceedings consistent with this decision.[13]

Reversed and Remanded.

**ISSUED:** June 4, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[13]We note that while it was not referenced as an assignment of error, in his appellate brief, Mr. McKee argues that his notice of purchase and delivery of the WRX provided to Parker Hall/State Farm was reasonable and resulted in no prejudice to State Farm or Parker Hall. However, given our finding that partial summary judgment was improvidently granted by the circuit court, which is dispositive of the issue on appeal, we do not find it necessary to address this argument.

Moreover, we clarify that this decision should not be read to suggest that the "owned but not insured" exclusion within UIM policies, like the Policy at issue in this case, are unenforceable in West Virginia. Here, simply stated, the specific facts and circumstances of the underlying case preclude the award of partial summary judgment to State Farm.